## CAL PROCTOR v. STATE.

No. A-1518.    Opinion Filed January 18, 1913.

(129 Pac. 77.)

**INTOXICATING LIQUORS—Illegal Transportation—Evidence—"Unlawfully Conveying."** Where a defendant is on trial for a specific offense, evidence of unrelated offenses is not admissible, unless relevant to the issue and tending to show motive or intent; and an unlawful intent is not an ingredient of the offense of unlawfully conveying intoxicating liquors.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Cal Proctor was convicted of wrongfully transporting beer, and appeals. Reversed.

*Ledru Guthrie* and *J. H. Beaty,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was informed against, charged with a violation of the prohibitory law. It was alleged that he did unlawfully and wrongfully transport beer from a place in Oklahoma City, unknown, to and within a certain building situated at 122 Grand avenue in said city. He was found guilty, and his punishment assessed at imprisonment for 30 days in jail and to pay a fine of $50. The verdict was signed by five jurors. Judgment and sentence in accordance therewith was entered October 10, 1911. To reverse the judgment an appeal was perfected. It is contended that the verdict is not supported by law or the evidence in the case.

The evidence in the case was substantially as follows:

L. K. Reynolds testified that he was a deputy sheriff; that with three other deputies he was at the premises known as 122 West Grand on or about May 18, 1911, about 9 p. m., and the defendant drove a buggy into the alley behind the building and

took a sack of beer out of the buggy and took it into the building; that he came down the stairway on which he was standing and went into the building and found a gunny sack with possibly two dozen bottles in it, and he arrested the defendant. Over an objection properly made, the court permitted the witness to testify that he had found intoxicating liquor there before.

He was further asked in his examination in chief:

"Q. You may state whether or not that is a place that is generally known that intoxicating liquors are kept and sold. By Ledru Guthrie: Objected to for the reason that it is incompetent, irrelevant, and immaterial. By the Court: Overruled, and exception allowed for the defendant. A. Yes, sir. We have visited that place on different occasions."

J. C. Gilmore testified that he was standing out on the back stairs; that he saw the defendant get out of the buggy and go into his place of business, 122 West Grand, carrying this sack with him.

C. C. Stoner testified, as taken from the transcript:

"Q. State under what circumstances you saw this defendant at that place, at that time. A. We were executing a search warrant. Q. Where were you when you first seen the defendant? A. Standing on the steps in the rear of the building. Q. State whether or not you seen the defendant go into the back door of that building. A. Yes, sir. Q. How long after he had gone in did you go into that building? A. Just a short time; we went right in after him. Q. State whether or not you seen him drive up in the buggy and get out and go into that building. A. No, sir; I did not see him drive up. Q. Well, state what you did see him do. A. I just seen him going in at the back door. Q. Where did you next see him? A. In the rear of 122 West Grand avenue. I was upstairs; and when I got downstairs and got in there Mr. Gilmore and Mr. Reynolds and Mr. Burkebyle were in there, and Mr. Proctor and some one else. Q. This defendant? A. Yes, sir. Q. State whether or not this sack of beer was setting on the floor. A. Yes, sir; it was setting on the floor in the sack. Q. Do you know who put that sack of beer on the floor in that room? A. No, sir; I do not. Q. Had you ever been at 122 West Grand avenue prior to this time? A. Yes, sir. Q. What was your occasion there? A. Executing search warrants. Q. What did or do you know about this place being a place where intoxicating liquors are kept and sold? By Ledru Guthrie: Objected to for the reason that it is incompetent, irrelevant, and im-

material.   By the Court: Overruled, and exceptions allowed the defendant.   A. Well, I have found liquor there before."

Aside from the question of the sufficiency of the evidence, which we will not discuss, further than to say that it is very weak on the essential ingredient of the offense charged, that there must be a conveyance from a place beyond the premises of the defendant, however, we would not disturb the verdict for this reason alone, but the court, over the objection of the defendant, permitted testimony concerning violations of other provisions of the prohibition act.

It is a settled rule that, upon the trial of a defendant on a specific act, evidence of other offenses committed by him is not admissible:

This prosecution was under that subdivision of the prohibition act which provides that it shall be unlawful "to ship or in any way convey such liquor from one place within this state to another place therein, except the conveyance of a lawful purchase as herein authorized."   And it was only necessary for the state to prove such conveyance.   It was unnecessary to prove intent.   For this reason the admission of this testimony did not come within any of the exceptions of the rule above stated.

Over the objection of the defendant, evidence of the reputation of the place was also admitted.   In a prosecution of this kind this evidence was merely hearsay.   If the prosecuting attorney expected to offer this kind of testimony, he should have charged the defendant with the offense of maintaining a place, or unlawful possession with intent to violate provisions of the prohibition law.

We must, therefore, hold that the evidence admitted over the objection of the defendant was prejudicial to his substantial rights, as without this illegal testimony the jury might have refused to return a verdict of guilty.

The judgment of the county court is therefore reversed, and the cause remanded for a new trial.