ARTHUR COBBS v. STATE.

No. A-3380.   Opinion Filed Feb. 9, 1920.

(186 Pac. 1099.)

Appeal from County Court, Okmulgee County; Dudley C. Monk, Judge.

Arthur Cobbs was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

J. C. Evans, for plaintiff in error.

S. P. Freeling. Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM . Plaintiff in error was convicted on a charge of unlawfully conveying intoxicating liquor, and his punishment fixed at 90 days' confinement in the county jail and a fine of $250. From the judgment rendered on the verdict, he appealed by filing in this court on May 27, 1918, a petition in error with case-made. The Attorney General has filed the following confession of error:

"This defendant was convicted of transporting intoxicating liquors from a certain house in the city of Okmulgee, Okla., to an unknown place a short distance away from said house. The judgment is assailed on the sufficiency of the evidence. The inculpating facts are as follows: A police officer and a man by the name of Lung saw defendant leave the house, go some distance, and upon observing them, these officers, he threw something over into a garden. The police officer went away leaving the other officer, Lung, near the scene. After a lapse of several minutes, Lung came up to the police officer and had in his custody "skates" and a quart bottle of whisky. The police officer asked Lung how he had gotten the defendant; to which he replied that he 'outstayed him.' This statment was made in the presence of the defendant and he made no reply to it. This witness Lung did not appear at the trial, and his absence was excused on the grounds that he was out rabbit hunting. The state, to make out its case, relied upon the testimony of the police officer who saw defendant throw something away, and who heard Lung make the aforesaid statement, in the presence of the defendant, about 'his outstaying him.' Under the rule that 'a party's failure to reply to a statement made in his presence is significant in proportion to the extent to which a reply would be natural,' the officer's statement was clearly too remote to charge this negro with the duty of denying it. Therefore the motion for a directed verdict should have been sustained; and the judgment. of course, is erroneous."

We are clearly of opinion that the confession of error is well founded and should be sustained. The judgment is therefore reversed.