# OFA BROWN v. STATE.

No. A-3553—Opinion Filed April 9, 1921.

(196 Pac. 967.)

(Syllabus.)

1. **INTOXICATING LIQUORS — Unlawful Conveyance — Proof.** Where an information for conveying intoxicating liquor from one place within the state to another place therein, alleges a removal from one particular place to another particular place, it is essential to sustain a conviction that the state prove the conveyance as alleged.

2. **EVIDENCE—Confessions—Corpus Delicti.** Where the state relies in part for a conviction on a purported extrajudicial confession of defendant. there must be other proof of the **corpus delicti**, either direct or circumstantial. before a conviction can be sustained.

3. **INSUFFICIENCY OF EVIDENCE.** For reasons given, holding the evidence in this case insufficient to support the conviction, see body of opinion.

4. **APPEAL AND ERROR—Reversal—Evidence of Other Offenses.** This court is powerless to affirm a conviction for one offense, where the proof establishes another and separate offense, not included within the charge.

*Appeal from County Court, Logan County;*

*A. H. Boles, Judge.*

Ofa Brown was convicted of unlawfully conveying intoxicating liquors, and appeals. Reversed and remanded.

*E. G. McAdams,* for plaintiff in error.

*S. P. Freeling,* Atty Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM.    Plaintiff in error, Ofa Brown, here-inafter designated defendant, was convicted in the county court of Logan county of the crime of unlawfully convey-ing intoxicating liquors, with the punishment assessed at a fine of $450 and imprisonment in the county jail for a period of five months.   From this judgment of conviction he has appealed to this court, and among other errors as-signed it is contended that the evidence wholly fails to es-tablish the material elements of the offense as alleged, be-yond a reasonable doubt.

The information charges defendant with the convey-ance of 180 quarts of whisky from one place within the state of Oklahoma to another place therein, to wit:

"From a point on the north line of said Logan county to a place two miles south of the town of Marshall, between sections 15 and 16, township 19 north, range 4 west of the Indian meridian, by then and there transporting and con-veying said whisky in a light Buick Six roadster, 1917 model, with an Oklahoma tag No. 93521," etc.

The only evidence introduced by the state to establish the allegation that defendant conveyed said whisky from a point on the north line of Logan county to a place two miles south of the town of Marshall was testimony, in substance, to the effect that defendant was found in pos-session of a light Buick Six roadster, of the description alleged in the information, which was loaded with about 150 to 175 quarts of whisky, and which car was broken down about two miles south of the town of Marshall, in Logan county, headed south on a public highway, and that defendant stated to the officers who arrested him that he had come from Joplin.   Outside of defendant's statement to the effect that he had come from Joplin, there is an en-

tire absence of evidence that defendant conveyed said whisky from the north boundary of Logan county to the point where the same was found in his possession.

There is no evidence in the record as to what direction such automobile was driven to reach the point where it was found; whether it came from the north, south, east, or west is not disclosed by the record. There is no proof as to the location of the various highways leading up to the point where this automobile was first discovered. To sustain the allegation in the information, the proof should have shown that the automobile was driven from a point on the north boundary of Logan county south to the place where the automobile was found. If there had been proof that there were no public highways leading off, either in an easterly or a westerly direction, from the highway on which this automobile was found between that point and the north boundary of Logan county, the automobile having been found headed south, the reasonable and proper inference would have been, considered with defendant's statement that he had come from Joplin, that the conveyance was in the manner alleged in the information; but, in the absence of such circumstantial evidence, can it be said that the circumstances are such as to exclude an inference that defendant came into the public highway upon which the car was found from some direction and upon some road which did not cross the **north boundary line** of Logan county?

It is a well-established principle of law that, where circumstantial evidence is relied upon for a conviction, the circumstances must be such as to exclude every other reasonable hypothesis than that of the guilt of defendant. In *De Graff v. State*, 2 Okla. Cr. 519, 103 Pac. 538, this court

in discussing the necessary allegations of an information or indictment for conveying intoxicating liquors, said:

"An information or indictment for transferring liquor from one place in the state to another place therein must show upon its face a removal from one locality in the state or city or county to another locality in the state or in the city or county. If these different localities are known, they should be stated; if not known, this should be stated; and it should be made to appear that the removal came within the meaning of the law."

From the decisions of this court construing indictments or informations for conveying intoxicating liquors, it is clear that the indictment or information must show upon its face the particular place in the state, city, or county from which said liquor was conveyed, if such place is known; and, if not known, this should be stated. It follows that, in order to avoid necessity of proving the particular place from which the conveyance was made, such place must have been unknown to the informant. It became material, therefore, in this case, to prove the removal of the liquor from the north boundary line of Logan county, as alleged, to the place where the automobile was found broken down.

In the case of *Hamil v. State,* 8 Okla. Cr. 119, 126 Pac. 591, it is held:

"To sustain a conviction of crime, each and every material element must be supported by the evidence."

In the case of *Henry v. State,* 14 Okla. Cr. 189, 169 Pac. 658, it is held:

"In a criminal case a conviction cannot be had on the extrajudicial confessions of the defendant, without evidence *aliunde* of the *corpus delicti;* but direct and positive proof

of that fact is not indispensable."

If the statement of defendant that he had come from Joplin be considered an extrajudicial confession upon his part, which we do not hold, still, independent of such confession, before a conviction would be authorized, there must be proof, either direct or circumstantial, that the conveyance of such liquors was made, as alleged in the information, from a point on the north boundary line of Logan county. There is no direct evidence to this effect, and, as heretofore stated in this opinion, the inferences deducible from the circumstance that the automobile was found headed south, broken down, at a point about two miles south of the town of Marshall are not conclusive that in arriving at said point defendant drove said automobile loaded with such whisky from a point on the north line of Logan county.

In this case the Attorney General has filed a written confession of error, admitting that the material allegation of the information that the liquor was conveyed "from a point on the north line of said Logan county" is not sustained by the evidence, and for that reason that this judgment should be reversed. From what has heretofore been stated in this opinion, the conclusion is reached that the confession of error of the Attorney General is well-founded, and that the judgment of conviction should be reversed. The defendant may be guilty of the offense charged but a conviction based on surmise and suspicion of guilt should not be permitted to stand. Otherwise, the liberty of the innocent citizen would be jeopardized.

It is to be regretted that the county attorney of Logan county did not elect to prosecute this defendant for unlawful possession of intoxicating liquor, instead of the unlaw-

ful conveyance in the manner charged, as the evidence clearly establishes his guilt of the former crime. But this court is powerless to affirm a conviction for one offense, where the proof establishes guilt of another and separate offense, not included within the charge.

The judgment is reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.