## TOM BOSWELL v. STATE.

No. A-4099.   Opinion Filed Feb. 26, 1924.
(223 Pac. 208.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Sustaining Conviction for Transportation.** In a prosecution for unlawfully conveying intoxicating liquor, evidence held insufficient to support the verdict and judgment of conviction.

Appeal from County Court, Love County; B. W. Jones, Judge.

Tom Boswell was convicted of transporting intoxicating liquor, and he appeals. Reversed.

Cameron & Walden, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J.   The information in this case charges Bill Herald and Tom Boswell with unlawfully transporting intoxicating liquor. Five of the jurors returned a verdict finding "the defendant Tom Boswell guilty as charged in the information herein, and assess his punishment at $50 fine, 30 days in jail, and recommend the judge to omit the jail sentence." He has appealed from the judgment rendered on the verdict.

The first error assigned is that the evidence is insufficient to support the verdict. The evidence shows that on the date alleged Frank N. Smith, sheriff, Jim Stafford, deputy, and Winston Smith went to the Herald place and found a wagon in front of the house loaded with household goods, tubs, and fruit jars. Herald, Boswell, and another man were loading the wagon. When the officers appeared the defendant Boswell picked up a quart fruit jar, took about 15 steps, and broke it on a rock. The sheriff picked up the end of the bottle which contained about a teaspoonful of corn whisky.

When the state rested the defendant demurred to the evidence, and asked the court to advise the jury to return a verdict of acquittal, on the ground that the evidence is insufficient to show that the defendant transported any intoxicating liquor as charged, and that the evidence shows a substantial variance from the offense charged, which the court refused to do, and allowed exceptions.

As a witness in his own behalf Tom Boswell testified:

"I am 26 years old, a farmer. I was helping Bill Herald move. The household goods belonged to him. I did not transport intoxicating liquor from any place in Love county or anywhere else. The sheriff was about 20 steps from me when I first saw him. I had just picked up a fruit jar and was looking at it. I started and stumbled and it struck a rock. I do not know what it contained."

The offense for which the defendant was tried is defined as follows:

"It shall be unlawful for any person, * * * to ship or in any way convey such liquor from one place within this state to another place therein except the conveyance of a lawful purchase as herein authorized." Section 7002, Comp. Stats. 1921.

An essential ingredient of the offense charged under the statute is a conveyance from one place to another place, and to sustain a conviction this fact must be shown. It was not shown by the testimony in this case, and for that reason the evidence is insufficient to support the verdict of the jury.

It follows that the conviction should be set aside, and the judgment of the lower court reversed.

MATSON, P. J., and BESSEY, J., concur.