LUCY SHIRLEY v. STATE.

No. A-4861. Opinion Filed July 11, 1925.

(237 Pac. 627.)

Morris & Tant, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J. Lucy Shirley, plaintiff in error, here referred to as the defendant, was convicted in the county court of Oklahoma county of the illegal transportation of whisky, with her punishment fixed by the jury at confinement in the county jail for a period of 90 days, and to pay a fine of $200.

In this appeal the defendant claims that the evidence is insufficient to support the verdict, and also urges a claim of former jeopardy.

The evidence on the part of the state indicates that the defendant was apprehended by peace officers in the act of conveying whisky from some point unknown to a point in a public alley at the rear of her rooming house at 525 West California street, in Oklahoma City. She was there seen driving her car, with two men occupying the front seat with her, and when she was apprehended a glass vessel containing whisky was thrown from the car and broken. A quart of whisky was also taken from the seat of the automobile.

The defendant denied all knowledge of the presence of the whisky in the car before it was discovered by the officers, intimating that it belonged to one or the other of the men with her.

The evidence being conflicting, the weight of the evidence and the credibility of the witnesses were for the jury, and, under the circumstances shown, the finding of the jury upon these points will not be disturbed by this court.

Under the holdings of this court in Thomas v. State, 27 Okla. Cr. 264, 226 P. 600, the distance which liquor is

conveyed over a public highway, street, or alley is immaterial. The facts in this case show that there was a conveyance for a short distance, and that probably the only reason that it was not carried a further distance was that the parties were intercepted before leaving the alley.

The claim of former jeapardy was not properly raised in the trial court, nor in this court on appeal. The evidence shows that this defendant and one of the men with her had been convicted of the illegal possession of intoxicating liquor in the United States District Court at Guthrie, but whether the conviction at Guthrie was for the possession of the particular whisky here in controversy does not appear. And if we were to concede that both convictions pertained to the same whisky, the offenses would still be separate and distinct, because the conviction here is for illegal transportation, while the conviction in the federal court seems to have been for illegal possession. No record of the conviction at Guthrie appears in the record of this case.

Finding no material error in the record, the judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.