BEN F. AYCOCK v. STATE.

No. A-4789. Opinion Filed Nov. 21, 1925.
(240 Pac. 1081.)

W. G. Hughes, for plaintiff in error.

The Attorney General and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, defendant in the trial court, was convicted on a charge of illegally transporting whisky, and his punishment was fixed at 30 days in jail and a fine of $100. Of the numerous assignments of error none are worthy of notice here except the claim that the evidence is insufficient to support the verdict.

This conviction rests entirely upon the testimony of a deputy sheriff, who said he saw the defendant, while standing at a filling station in Boise City in the evening after it was growing dark, throw two articles from his car into a nearby pile of boulders, from which emanated the pungent odor of whisky; that he found one quart bottle unbroken, about half full of whisky; that he delivered this unbroken bottle to the county attorney later that evening, or the next morning. The prosecuting witness testified further that the defendant and a companion who came up later were drunk and boisterous. During all the period covered by these transactions there were several other witnesses present, some of whom testified for the state and some for the defendant, but none of them corroborated the main features of the testimony of the prosecuting witness. None of them saw the bottles or anything else thrown from defendant's car; none testified that the defendant was drunk or boisterous; and none of the several witnesses detected the odor of whisky about the place. It appears that the defendant's companion, Frank Bulls, who arrived at the filling station some time after the defendant, was under the influence of liquor, and for that offense he was detained by the officers.

Neither the deputy sheriff, who claims to have seen the defendant throw something from his car, nor the sheriff, who came up a moment later, made any effort at the time

to detain the defendant or to place him under arrest, but permitted him to drive on to his home in the country, several miles distant.

The county attorney, who was in office at the time of the alleged offense, testified that the whisky delivered to him by the prosecuting witness was placed in his office under lock and key; that he drank a small portion of it himself, and some months later gave the rest of it to a friend who wanted it for the use of another who needed it for rattlesnake bite. The liquor, therefore, could not be produced nor introduced in evidence. Another peculiarity shown by the record is that the defendant was not finally arraigned nor put on trial until two years after the date of the alleged offense.

The evidence on the part of the state and as a whole is insufficient. The judgment of the trial court is therefore reversed.

DOYLE and EDWARDS, JJ., concur.