## JOHN IVEY v. STATE.

No. A-5380.   Opinion Filed May 8, 1926.
(245 Pac. 908.)

Ben F. Williams, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   John Ivey, defendant below, plaintiff in error here, is a man 52 years of age, engaged in business in Wanette, a resident of that neighborhood for 20 years, of good repute, and the owner of a farm some miles out. The defendant had spent the day on his farm, with his tenant, digging a ditch. That night the defendant telephoned a taxi driver, Don Abbott, to come to the farm early the next morning to take him in to Wanette. The taxi driver came, and after they had proceeded some distance homeward the car refused to move. Defendant

went to a nearby farmhouse for help. This farmer and another found Abbott at the car drunk, and one of them telephoned the officers. As the officers approached, the defendant threw a jar containing whisky into a ditch by the roadside. The officers found two other jars of whisky in Abbott's car. When the defendant went to this farmhouse for help he had a bundle of some sort under his arm, which might have contained the jar which he later threw away. The farmer also detected the odor of liquor emanating from the person of the defendant.

Abbott pleaded guilty to a charge of transporting whisky. Defendant says that the evidence is insufficient to support the averments of illegal transportation as to him, and that the court erred in giving instruction No. 5, as follows: "You are instructed that any transportation, however slight, is sufficient to consummate the offense charged." Under this instruction the jury may have found that the whisky belonged to Abbott and that the defendant was guilty of illegal transportation in removing the jar from the car to where it was thrown into the ditch. This would not constitute an illegal conveyance of liquor "from one place within this state to another place therein," within the meaning of the statute. Chapman v. State, 28 Okla. Cr. 208, 230 P. 283; De Graff v. State, 2 Okla. Cr. 519, 103 P. 538.

The evidence indicates that the liquor was conveyed to this place by the taxi driver, and that the defendant was merely a passenger for hire and not criminally implicated in the illegal transportation of the whisky.    ,

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.