## G. A. WILDER v. STATE.

No. A-5621.  Opinion Filed May 22, 1926.
(246 Pac. 660.)

E. V. Rakestraw, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM.  Plaintiff in error, G. A. Wilder, was convicted upon an information charging him with transporting intoxicating liquor, to wit, whisky, from "one place in Kiowa county, Okla., to another place therein, to wit, from a place unknown in said county and state to the northwest part of Hobart, near the residence of Lee Watkins therein," and, in accordance with the verdict, was sentenced to pay a fine of $100, and be confined in jail for 30 days.  To reverse the judgment he appeals.

The principal assignment is that the verdict is contrary to and not sustained by sufficient evidence.  The evidence in the case was substantially as follows:

Roy Quick testified that, with Mr. Lindsey, he drove to the home of Lee Watkins; that there they found another car sitting in the street in front of the house with two boys in it; that he spoke to Mr. Watkins, and Mr. Lindsey grabbed the defendant and found on his person, under his coat, a fruit jar containing about one pint of whisky.

John Lindsey, city marshal, testified that they found a car parked in the front of Mr. Watkins' house, and that there were two cars in the yard, and defendant was coming out of Mr. Watkins' yard, and he went into the yard and arrested him.

As a witness in his own behalf, defendant, G. A. Wilder, testified that he lived 8 miles east of Roosevelt; had been farming there for 20 years; that once in a while he drank whisky; that Buck Rutledge was in town with him, and he heard that he could get some whisky at Lee Watkins' place, and some Hobart boy drove them up there where a man sitting in the car near the hedge of Lee Watkins' place sold him a pint of whisky; that after putting it under his coat he stood there and talked until the officers came and arrested him; that he never left the car where he purchased the whisky until after he was arrested.

C. M. Rutledge testified that he was with the defendant and saw the officers arrest him standing by the car where he bought the whisky.

This prosecution was under that subdivision of the Enforcement Act which provides:

That it shall be unlawful "to ship or in any way convey such liquor from one place within the state to another place therein except the conveyance of a lawful purchase as herein authorized." Section 7002, C. S. 1921.

The gist of the offense charged is the conveyance from one place to another "place." The word "place"

has a variable meaning. As used in the statute it means region or locality.

In Proctor v. State, 8 Okla. Cr. 537, 129 P. 77, we said:

"On the essential ingredient of the offense charged, there must be a conveyance from a place beyond the premises of the defendant."

On the undisputed facts in this case we are of the opinion that the evidence wholly fails to show a conveyance or transportation of the whisky in question.

No timely objection having been made to the competency of the evidence obtained by an unlawful search of defendant's person without a warrant for his arrest, the question is not presented by the record.

Because the evidence is insufficient to show a conveyance from place to place, the judgment appealed from is reversed.