BUD GLASS v. STATE.

No. A-5807. Opinion Filed March 12, 1927.
(253 Pac. 1037.)

Phillips & Phillips, and J. B. O'Bryan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Marshall county, on the 6th day of June, 1925, Bud Glass did "transport, carry, and convey a quantity of whisky, contained in a glass bottle, from some point in Marshall county unknown, to the residence of the said Bud Glass, at the town of Aylesworth," appellant was tried and convicted and in pursuance of the verdict was sentenced to imprisonment in the county jail for 90 days and to pay a fine of $150. To reverse the judgment he appeals.

The following brief statement of the facts will be sufficient to make clear the contentions made.

Appellant, a single man, lived with his mother and married brother, James Glass, in the northeastern part of the town of Aylesworth; this was "the residence of the said Bud Glass," as recited in the information. Officers Ed. Long and W. B. Dickinson, the only witnesses for the state, were on Main street, in Aylesworth, when they saw appellant on horseback,

riding towards his home; he was then about 200 yards from them; they got into their car and started towards his home; he arrived there ahead of the officers, dismounted in the rear of his house; he entered the back door, then came out with a small bottle in his hand and broke it on the wheel of a car parked about eight feet from the door; they each testified that judging from the odor the bottle contained whisky.

No proof was made or attempted to be made that appellant carried the whisky on his ride to his home.

Appellant testified in his own behalf that he saw the officers coming and knew if they got to the house and found some liquor that was there they would file charges against him; that he did not have any whisky on his person that day; that he had about half a pint of whisky in the house; that he left his horse and entered the back door, picked the bottle from the shelf, went out, and broke it on the rear wheel of a car that was parked near the door.

The court instructed the jury, in part, as follows:

"If you find from the evidence beyond a reasonable doubt that the defendant, Bud Glass, in the county of Marshall and state of Oklahoma, on or about the 6th day of June, 1925, conveyed or carried any whisky from some point within the house or residence where he was then living to some point out into the yard surrounding said house or residence, then such carrying or conveying of said whisky would be a transportation thereof, and the defendant would be guilty of transporting, and you should so say by your verdict and fix his punishment therefor as the punishment for such offense is herein stated to you."

"Excepted to by defendant, because such instruction and the alleged proof upon which the same is based is contrary to the charging part of the information and at fatal variance therewith."

The record shows that the defendant requested and the court refused to give an instruction based on the allegations of the information.

It will be observed that the information charges the defendant with the conveyance of a bottle of whisky from a place unknown to his residence, and the court so stated the charge in the first instruction given, and in that respect there was a fatal variance with the facts charged as constituting the offense and the facts stated in the instruction excepted to.

This prosecution was under that subdivision of the Enforcement Act (section 7002, Comp. St. 1921), which provides that it shall be unlawful—

"to ship or in any way convey such liquor from one place within this state to another place therein except the conveyance of a lawful purchase as herein authorized."

In Wilder v. State, 34 Okla. Cr. 291, 246 Pac. 660, we said:

"The gist of the offense charged is the conveyance from one place to another 'place.' The word 'place' has a variable meaning. As used in the statutes it means region or locality."

In Brown v. State, 18 Okla. Cr. 509, 196 P. 967, it was held:

"Where an information for conveying intoxicating liquor from one place within the state to another place therein, alleges a removal from one particular place to another particular place, it is essential to sustain a conviction that the state prove the conveyance as alleged."

On the undisputed facts in this case we are of opinion that the evidence wholly fails to show a conveyance or transportation of the whisky in question as alleged in the information.

No timely objection having been made to the competency of the evidence obtained by an unlawful invasion of the defendant's home without a search warrant or a warrant for his arrest, the question is not presented by the record.

For the reasons stated the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.