## SAM DAVIS v. STATE.

No. A-5935.    Opinion Filed Aug. 24, 1927.
(259 Pac. 172.)

E. E. Ammons, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  Sam Davis was convicted, his punishment fixed at a fine of $50 and confinement in jail for 30 days, and he appeals.

One of the errors assigned is that the verdict is not sustained by the evidence.

It appears that defendant, Davis, and Raymond Redding were at Lenna P. O., and on their way to defendant's home stopped a quarter of a mile west of Lenna, and in the brush Davis picked up a bottle and gave it to Redding, who took a drink.

H. F. Smith, deputy sheriff, testified that he saw Sam Davis at Lenna and with L. E. Norton waited in the brush about a hundred yards east of Mr. Norton's barn; that defendant, Davis, and Redding came by and left the road, and stopped about 30 yards from the road, and defendant picked up a bottle of whisky, carried it about 40 or 50 feet, and gave it to Redding, who took a drink and passed it back, then he rushed up and took the bottle from defendant; that it had about a spoonful of whisky in it; that he arrested defendant and took him to Eufaula and put him in jail; that on the way defendant offered him $25 to take him back home and not put him in jail.

On cross-examination, he stated that he went there to catch the defendant on his way home; that in his first complaint he stated that defendant had carried the whisky 100 yards; that he refused to let defendant get a banjo that he had laid down before he went to the brush.

Raymond Redding testified that Sam Davis told him he would give him a drink of whisky, and they left the road and went to the edge of the brush, and that Davis picked up a bottle which contained about a half pint of whisky and handed it to him, and he took a drink of it; that Officer Smith stepped up and arrested Mr. Davis; that the defendant took just one step in handing the whisky to him.

L. E. Norton, the third and last witness for the state, testified that he was with H. F. Smith northeast of his barn, and he saw defendant, Davis, and Redding walk up to the edge of the thicket, and defendant, Davis, picked up a bottle and handed it to Redding; that he could not tell the exact distance between the two when defendant picked up the bottle, but it might have been 2, 3 or 4 steps.

The state rested and the defendant moved for a directed verdict of acquittal in the form of a demurrer to the evidence, which was overruled.

The testimony of the defendant was that morning about 10 o'clock Jeff Ward had a bottle there and gave him a drink, and then in the evening on his way back home he left the road there to see if there was any whisky left in the bottle; that Raymond Redding was with him; that he picked up the bottle and handed it to Redding, who took the bottle and tasted it, and about that time Officer Smith came running out of the brush and arrested him.

The court refused to give the following requested instruction:

"If you find from the evidence, beyond a reasonable doubt, that the defendant did transport the intoxicating liquor in question some distance from one place in Mc-Intosh county to another place in McIntosh county, as charged in the information, you will convict him.   On the other hand, if upon a consideration of the evidence you entertain a reasonable doubt as to whether the defendant did, as charged in the information, transport the intoxicating liquor in question any distance whatever, you will acquit him."

It will be observed that two or three of the witnesses for the state testified, in effect, that there was no conveyance.   They were disinterested witnesses.

In Wilder v. State, 34 Okla. Cr. 291, 246 P. 660, it is said:

"The gist of the offense charged is the conveyance from one place to another 'place.'   The word 'place' has a variable meaning.   As used in the statute it means region or locality."

In Proctor v. State, 8 Okla. Cr. 537, 129 P. 77, it is said:

"On the essential ingredient of the offense charged, * * * there must be a conveyance from a place beyond the premises of the defendant."

In De Graff v. State, 2 Okla. Cr. 519, 103 P. 538, it is held that the removal of intoxicating liquor from one room in the house to another room in the same house is not an offense within the meaning of the law.

On the facts as shown by the testimony of two witnesses for the state, we are of the opinion that the court erred in overruling the defendant's motion for a directed verdict, and that the court also erred in refusing to give the instruction requested.

Because the evidence is insufficient to show a conveyance from place to place, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.