## CHARLES R. JONES v. STATE.

No. A-6238.   Opinion Filed Feb. 29, 1928.
(264 Pac. 638.)

Lowry Law Offices, by Brown Moore, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as defendant, was by information filed in Payne county, Okla., charged with the crime of transporting spirituous liquor, to wit, one pint of whisky, from a certain place in the state, to the county attorney and affiant unknown, to another place in this county and state, to wit, in a public highway between the southeast quarter of the southwest quarter, section 13, township 19 north, range 2 east of Indian Meridian, and the northeast quarter of the northwest quarter of section 24, township 19 north, range 2 east just across from the northeast corner of the Fairlawn Cemetery, in Payne county, Okla.

Defendant entered his plea of not guilty; a jury was impaneled, and, after hearing the evidence, argument of counsel, and instructions of the court, and after considering the verdict, returned into court the following verdict:

"State of Oklahoma v. Charles R. Jones. Verdict. We, the jury, duly impaneled and sworn to well and truly try the issues in the above-entitled cause, do upon our oaths find the defendant guilty as charged in the information and fix and assess his punishment at a fine of $——— dollars, and imprisonment in the county jail of Payne county, Okla., for a period of ——— days.                                    O. Johnson, Foreman.
"Cannot agree on punishment."

The testimony offered by the state, in substance, is as follows: Eugene Standerfer testified that he lived east of Stillwater something like a half mile on the Albert Pike highway, in the southeast corner of the southwest quarter on the north side of the road east of Stillwater; that he saw the defendant, Charles R. Jones, on the 20th day of January, 1926, drive out by his place; that he drove down the road about 40 steps from where the witness was and took something out of his car; that he turned the car around; that about 5 minutes later witness went down the road where defendant's car stopped and got a pint bottle of whisky; that he took it down and gave it to the sheriff; witness says that it was the defendant that drove out there; witness had lived in that locality for several months, was raising chickens, said he had known the defendant 5 or 6 months when he saw him; that he knew defendant's boy; that he had not informed any officer before he got the whisky that he claims to have found down in the road where he claims defendant stopped his car; he did not tell the officer when he went to town that he saw Charley Jones plant the whisky there, nor did he tell any one; was almost sure it was Charley Jones when he drove by. "I took the number of his car and it was the same identical car." He attempts to identify the car as having some torn places in the top; he did not tell any one when he brought

the whisky to town that Charley Jones had put the whisky out in the weeds by the road.

C. M. Poole, a witness for the state, testified that he saw the defendant drive out near where it was alleged the whisky was found, and scratch around in the weeds, and later some one came out and scratched around, and then got in the car and came back to town; that he knew the witness Eugene Standerfer; that the witness delivered to him in town a pint of whisky; he identified the bottle by the cork in the bottle and said it was the same kind. Witness Poole admitted that he carried a special commission as an officer at the time; he had known defendant about five years, never heard of him manufacturing whisky, but that he knew the defendant had a reputation for drinking; he never saw the defendant with whisky.

At the close of the state's testimony the defendant demurred:

"First. To the evidence of the state as being wholly insufficient to establish that this defendant committed any offense against the laws of the state of Oklahoma.

"Second. And for the further reason that it is wholly insufficient to establish that any offense was committed against the laws of the state of Oklahoma.

"Third. As being wholly insufficient to justify a verdict of guilty, as against this defendant, of the charge contained in the information in this case, and moves the court that the jury be instructed that the state has failed to establish the material allegations of the information in this action, and that they return a verdict on the evidence of the state of not guilty."

Which motion and demurrer was overruled by the court, and defendant duly excepted. The evidence in this case is purely circumstantial.

We will consider the fourth and ninth assignments of errors together, as they relate to the same matter; the assignments being as follows:

"(4) That the verdict in said cause is contrary to the evidence and not supported by the evidence."

"(9) That the court erred in overruling the defendant's demurrer to the evidence of the state as a matter of law, to which ruling of the court the defendant at the time excepted, and which exception was by the court allowed as shown by the record in said cause."

It is a universal rule of law that whatever is necessary to allege in the information, it is necessary to prove. The allegation in the information is that the defendant transported the liquor from a certain place in the state, to the county attorney and affiant unknown, to a certain place near a certain cemetery; this was a necessary allegation, and if the state expected to establish the charge in the information it was necessary to prove by competent testimony that, if any whisky at all was transported by the defendant, it was transported from a place unknown to a definite place in the state. Brown v. State, 18 Okla. Cr. 509, 196 P. 967; Kelley v. State, 31 Okla. Cr. 51, 236 P. 915; McKay v. State, 190 S. W. 653; Brennan v. State, 32 Okla. Cr. 284, 240 P. 1084; Aycock v. State, 32 Okla. Cr. 302, 240 P. 1081; Cobbs v. State, 17 Okla. Cr. 704, 186 P. 1009; Tice v. State, 18 Okla. Cr. 32, 192 P. 434.

The court in this instruction 5 advised the jury:

"That the state relied for a conviction on what is known as circumstantial evidence, and in this matter you are instructed that, to warrant a conviction upon circumstantial evidence, each fact necessary to the conclusion must be proved by competent evidence beyond a reasonable doubt, and that all of the facts and circumstances proved should not only be consistent with the guilt of the accused, but consistent with each other

and inconsistent with any other reasonable hypothesis or conclusion than that of their guilt, and sufficient to produce in your minds the reasonable moral certainty that the accused committed the offense charged against him, and you are instructed that when the circumstances are sufficient under this rule herein given you, they are competent and are to be regarded by you as competent for your guidance as direct evidence."

Upon consideration of all the evidence in this case we are of the opinion it is wholly insufficient to warrant a verdict of guilty, and the court erred in overruling defendant's demurrer to the evidence and his motion in arrest of judgment and for a new trial. The gist of the offense charged in the information in this case is a conveyance from one place to another. The word "place" has a variable meaning. As used in the statute, it means "region" or "locality."

In Proctor v. State, 8 Okla. Cr. 537, 129 P. 77, the court said:

"On the essential ingredient of the offense charged * * * there must be a conveyance from a place beyond the premises of the defendant."

There are other errors assigned and argued by the defendant, but the view we take of the case we do not deem it necessary to consider them. The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.