## IRA BOGARD v. STATE.

No. A-6296.   Opinion Filed April 18, 1928.
(266 Pac. 517.)

C. C. Wells, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was by information filed in Greer county charged with the crime of transporting spirituous liquors, to wit, about one-half pint of whisky, from a point about one-quarter of a mile east of the Rock Island Railway Company depot to a point near the public square, in the city of Mangum, said county and state.

The defendant entered his plea of not guilty to the information; a jury was impaneled and, after hearing the

evidence and argument of counsel, found the defendant guilty, fixing his punishment at a fine of $50 and imprisonment in the county jail for a term of 30 days. Motion for a new trial was filed and overruled and exceptions saved, and the case is in this court for review.

The testimony offered by the state is, in substance, as follows:

S. H. Tittle stated he was sheriff of Greer county, Okla.; he knew the defendant, Ira Bogard; he saw the defendant on the 20th day of December, 1925; defendant stated he got some whisky that day; he said he got it out east of town—I think this road out east of town. Question by the county attorney: "State whether or not he said he got back to town with it? A. Yes, he said he got back to town. My recollection he said he got a pint bottle of whisky; I am not sure if he said first where he went to get it; I believe he did say he got it in Pete Salina's cafe."

On cross-examination, the following questions were propounded and the following answers given:

"Q. Mr. Bogard did not swear to anything, you just took his word? A. He said he got to drinking, he said it was a kind of a drunken fight."

On redirect examination, the witness gave the following answers to the following questions:

"Q. He admitted he had been conveying whisky, to you? A. Yes, sir; he admitted that."

E. W. Reeves called as a witness testified, in substance, to the same facts as witness Tittle, that the defendant made the same statement in his presence of having gotten some whisky and gone out in the country to drink it and came back to town. This, in substance, was all the testimony introduced by the state in support of the allegations. At the close of the testimony the defendant demurred to the evidence of the state on the ground that

there was no evidence to show that the defendant transported liquor from one place in the county to another, and asked the court to find the defendant not guilty, which demurrer was overruled, and defendant excepted. Defendant did not offer any testimony.

Five assignments of error have been filed by the defendant. In this case the allegations in the information are that the defendant did willfully and unlawfully convey and transport intoxicating liquor in Greer county, to wit, about one-half pint of whisky from a point about one-quarter of a mile east of the Rock Island Railway Company depot to a point near the public square, in the city of Mangum, said county and state.

The assignment of errors we deem necessary to consider are the third and fifth assignments, which are as follows:

"(3) Said court erred in, admitting incompetent, irrelevent, and immaterial evidence on the part of defendant in error; to which objections and exceptions were duly saved.

"(5) The court erred in overruling motion of plaintiff in error for a new trial."

It is the universal rule of law that whatever is necessary to allege in an information it is necessary to prove; the allegation in this information being that the defendant transported intoxicating liquor from one pint about one-quarter of a mile east of the Rock Island Railway Company depot to a point near the public square, in the city of Mangum, said county and state. In order to convict one charged with the crime of transporting it is necessary to allege in the information, and to prove by competent testimony, that it was transported by the defendant from a place—describing the place, if known—to a 'definite place in the state. The state relied wholly in this case upon statements alleged to have been made by the defendant in the presence of the witnesses Tittle and Reeves as

to having gotten whisky and taking it from one place to another. The state offered no witnesses who claimed to have seen defendant with the whisky or to have seen him transporting it, nor do the statements attempted to be established by the state witnesses, alleged to have been made by the defendant, show any definite conveyance of whisky from one place to another. The testimony is insufficient to sustain a conviction. Brown v. State, 18 Okla. Cr. 509, 196 P. 967; Aycock v. State, 32 Okla. Cr. 302, 240 P. 1081; Jones v. State, 39 Okla. Cr. 195, 264 P. 638.

Upon a careful examination of the record and all the evidence we are of the opinion that the evidence is wholly insufficient to sustain a verdict of guilty, and the court erred in overruling defendant's demurrer to the evidence and his motion for a new trial.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.