## FRED NOWLIN v. STATE.

No. A-6673. Opinion Filed June 15, 1929.
(278 Pac. 398.)

Brown Moore and Guy L. Horton, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of conveying one-half pint of whisky from one place in Payne county, Oklahoma, unknown to affiant and county attorney, to another place in said county and state, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for a period of 30 days. Motion for new trial was filed, considered, and overruled, and defendant has appealed to this court.

The state to sustain the allegations in the information introduced testimony tending to show there was a dance going on in Payne county, near Charlie Dennis' place; the three officers testifying claim they hid behind some brush and weeds near the highway, and this defendant came down the highway, in company with two other parties, and when they reached a point near where the officers were located, some of the party stated there ought to be one here, and they saw them bend down and pick up something; another party said there ought to be one here, and "we rushed out to the parties and threw the flash-light on them." It is contended by the state's evidence that the defendant threw something in the field and started to run and one of the officers shot two or three times before they caught him; that about the time the second shot was fired the defendant fell. The officer admits the shooting, but says he was not shooting at the defendant, but shot to make him stop. The charge against the defendant is transporting liquor.

The defendant testified in his own behalf, and stated his occupation was farming; "I attended a dance at the Charlie Dennis place on the 18th of September, 1926; I did not have any liquor nor did I drink any liquor over there; I did not throw away a bottle of liquor as testified by Mert Poole; I saw Mert Poole, Mr. Ferguson, and Mr. Williams there that night; Fred Rumbaugh and John Humphrey was standing there by the dance hall; we had an occasion to answer a call of nature and walked down a little ways and stopped, and these fellows jumped up and said, stop or halt, and when they said that I started to run and one of them shot; I do not know who did the shooting, but it excited me; I run into a ditch and fell. After I was arrested Poole went about 15 or 20 steps out in the field and came back with a bottle; I did not transport any whisky, nor did I have any liquor out there where we were; I have never been convicted of violating the liquor laws; this is the first time I have been arrested." On cross-examination he stated, "Humphrey and I had a conversation out there where Rumbaugh could hear it; we did not have a conversation about whisky; Fred Rumbaugh suggested we go down the road and answer a call of nature; I don't know just how far it was from the dance hall to where we were; I did not stop and pick up any whisky down the road, near the officers, or any other place; I did not pick up a bottle; I did not drink any at the dance that night; I did not run because I had whisky; the officers jumped and hollowed and started shooting, and I just could not stand; he hollowed and I jumped and started to run, and he started shooting." A number of witnesses testified as to the good character of the defendant.

The first assignment presented and argued by the defendant is that the court erred in overruling defend-

ant's demurrer to the state's evidence, and in refusing the defendant an instructed verdict; to which ruling of the court the defendant at the time and in the record duly excepted. The defendant also urges that the verdict of the jury is contrary to the law and is not supported by the evidence; and that the verdict is contrary to the evidence.

The information in this case charges the defendant with the crime of conveying liquor from a place in Payne county, Oklahoma, unknown, to another place in said county and state, near a platform of Charlie Dennis. It was necessary to allege a conveyance or transporting from one point in the state to another point, and if the state expected to establish the charge in the information, the burden was on it to prove by competent testimony that, if any liquor was transported by the defendant, it was transported from a place unknown to a definite place in the state. Brown v. State, 18 Okla. Cr. 509, 196 Pac. 967; Kelley v. State, 31 Okla. Cr. 51, 236 Pac. 915; Aycock v. State, 32 Okla. Cr. 302, 240 Pac. 1081; Tice v. State, 18 Okla. Cr. 32, 192 Pac. 434.

Webster defines "locality" in his New International Dictionary, p. 1226, as follows: "Locality: 1. fact, or state of being; 2. specif. limitations to the county, district or place; as location of trial."

In DeGraff v. State, 2 Okla. Cr. 519, 103 Pac. 538, this court said:

"The removal of liquor from one room in the house to another room in the same house is not an offense of transporting liquor within the meaning of the statute."

The gist of the offense charged in this case is the conveyance from one place to another. The word "place"

has a variable meaning; as used in the statute it means "region or locality." In Proctor v. State, 8 Okla. Cr. 537, 129 Pac. 77, this court said:

"On the essential ingredient of the offense charged, there must be a conveyance from a place beyond the premises of the defendant."

Boswell v. State, 26 Okla. Cr. 193, 223 Pac. 208; Wilder v. State, 34 Okla. Cr. 291, 246 Pac. 660; Davis v. State, 38 Okla. Cr. 39, 259 Pac. 172.

Upon consideration of all the evidence in the case, we are of the opinion that it is wholly insufficient to warrant a verdict of guilty, and that the court erred in overruling defendant's demurrer to the evidence, and refusing to advise the jury to return a verdict for the defendant.

There are other errors complained of by the defendant, but the view we take of this record it is not necessary to consider them.

The case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.