### E. L. GORE v. STATE.

No. A-7674. Opinion Filed Feb. 7, 1931.
(296 Pac. 522.)

Corn & Corn, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Dewey county of the crime of transportation of intoxicating liquor, and his punishment fixed by the court at a fine of $150 and imprisonment in the county jail for 30 days.

The only evidence offered by the state was given by Marvin Compton, deputy sheriff of Dewey county. He testified that he saw the defendant and two other men standing behind a car; that defendant had a bottle in his

right hand; that some one hallooed "look out," and defendant took a step and kicked the bottle under the car; that this bottle contained whisky; that he did not know where defendant brought this whisky from or where he got it.

At the close of the state's evidence, defendant moved the court to instruct the jury to find the defendant not guilty, for the reason that the evidence was insufficient to support a verdict of guilty, and now alleges the overruling of such motion as ground for reversal of the case.

In Ivey v. State, 34 Okla. Cr. 202, 245 Pac. 908, this court said:

"Where a bottle of whisky belonging to another is thrown from a car by the accused to prevent its seizure by approaching officers, such act alone does not constitute an illegal transportation by the accused."

In Wilder v. State, 34 Okla. Cr. 291, 246 Pac. 660, this court said:

" 'Place' as used in Comp. St. 1921, § 7002, forbidding conveying intoxicating liquor, means region or locality."

Measured by these authorities, the evidence of the state was wholly insufficient to support the verdict of the jury.

For the reason stated, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.