## JIM ENGLAND v. STATE.

No. A-8247.   Feb. 19, 1932.
(8 Pac. [2d] 690.)

Hughes & Dickson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Texas county of the unlawful transportation of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that the defendant came to the courthouse of Texas county and through the office of the county attorney into the office of the county judge; that he began a conversation with one of the county commissioners over the highway; that the county judge and the county attorney withdrew to another room and after some talk returned; that, when defendant got up to leave the judge's office a pint bottle of whisky fell out of his clothes on the floor and was broken.

Defendant, testifying for himself, said he came to town for a different purpose, but after he got there he came into the courthouse to see Judge Dickson; that he had a civil suit pending; that as he went to the courthouse he met a fellow named John Edwards that he had worked and traded with some; that Edwards told him he had something for him; that he went on to the courthouse; that,

after he got up in the courthouse, this Johnnie came up; that he heard him open and close a door; that he pushed the door and said " 'Here is something for you,' and handed me a bottle"; that he pulled his overcoat open and put it in the belt of his trousers; that he knew that it was whisky; that he had never seen Edwards since; that he had not tried to find him.

The witnesses for the state swore that nobody came into the room, and that nothing was handed to defendant while he was in the judge's office.

The evidence of the state shows a brazen effrontery on the part of defendant in bringing his whisky into the office of the court and the county attorney.

Defendant's contention is that the evidence is insufficient to support the charge of transportation, because he received the whisky from another man in the office of the judge, and that the taking of the whisky from one room to another in the same office would not be transportation.

The question of where and when the defendant received the whisky and how it reached the office of the county judge were questions of fact to be determined by the jury. They were not bound to believe the story of defendant that the whisky was handed to him by a third party in the outer room of the judge's office. If that was the only question in the case, the cause should be affirmed.

Defendant next contends that the court erred in giving instructions Nos. 4 and 5, which read:

"You are further instructed that the taking or carrying of whisky from one room, or part of a building, to another room, or part of the same building, not a public building, is not transportation of intoxicating liquor, under our law, unless you should find from the facts and

circumstances, that said transportation of intoxicating liquor was intended for an illegal purpose; then, and in that event, the distance that said intoxicating liquor was transported is immaterial, and the defendant would be guilty of the transportation of intoxicating liquor, even though said transportation was from one room, or part of a building, to another room, or part of the same building."

"You are further instructed that the conveying of intoxicating liquors from one public office to another public office, although both of said public offices are in the same building, is transportation of intoxicating liquors. under our law; but should you find that the room to the west of the room actually occupied by said county judge and county court reporter was a part of the county judge's office, then said two rooms would be considered as the county judge's office, and constitute one public place, and the transportation from one of said rooms to the other room would not be transportation, under our law, unless said transportation was for an illegal purpose."

The instructions complained of were both erroneous.

First, because it is unnecessary to either allege or prove intent in such a case.

In Maynes v. State, 6 Okla. Cr. 487, 119 Pac. 644, this court said:

"It is not necessary for an information or indictment, charging the unlawful conveyance of whisky from one place to another in this state, to contain an allegation that the whisky is being conveyed for an unlawful purpose, nor for the proof to so show."

In Barnett v. State, 31 Okla. Cr. 413, 239 Pac. 680, 681, this court said:

"Any transportation of liquor from one place to another, particularly where there is a change in the physi-

cal possession of the liquor, is illegal, notwithstanding the transporter may have intended it for his own use."

Second, the instructions complained of are erroneous in that they do not correctly state the law of transportation.

In De Graff v. State, 2 Okla. Cr. 519, 103 Pac. 538, this court said:

"The removal of liquor from one room in a house to another room in the same house is not an offense within the meaning of the law. Each house constitutes but one place."

In Nowlin v. State, 43 Okla. Cr. 305, 278 Pac. 398, this court said:

" 'Place' as used in the Compiled Statutes 1921, § 7002, forbidding conveying of intoxicating liquor, means. 'region or locality.' "

In the body of the opinion, this court said:

"The gist of the offense charged in this case is the conveyance from one place to another. The word 'place' has a variable meaning; as used in the statute it means 'region or locality.' "

In Proctor v. State, 8 Okla. Cr. 537, 129 Pac. 77, 78, this court said:

"On the essential ingredient of the offense charged, that there must be a conveyance from a place beyond the premises of the defendant." Boswell v. State, 26 Okla. Cr. 193, 223 Pac. 208; Wilder v. State, 34 Okla. Cr. 291, 246 Pac. 660; Davis v. State, 38 Okla. Cr. 39, 259 Pac. 172.

In Shirley v. State, 31 Okla. Cr. 174, 237 Pac. 627, this court said:

"Where one is charged with the illegal transportation of liquor, the distance which the liquor is conveyed over streets, alleys, and public places is immaterial."

Another vice of these instructions is that they permitted the jury to find defendant guilty, even though they believed his story that another person handed him the whisky in the office of the judge, and he merely carried it into another room of the same office.

For the error in giving the instructions complained of, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.