## GEORGE LONG v. STATE.

No. A-10231.     Sept. 20, 1944.
(152 P. 2d 122.)

C. E. Castle, of Wagoner, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, George Long, was charged in the county court of Wagoner county with the unlawful transportation of intoxicating liquor; was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $100 and costs, and has appealed.

The only issue presented is whether the evidence is sufficient to show an unlawful transportation.

Two police officers in the city of Wagoner were driving an automobile in the colored section of that town. As they approached a certain house, they saw the defendant and one or two others sitting in the front yard near a porch. As they approached the gate, the defendant jumped up from his chair and ran into the house. The officers jumped from their automobile, and one started around the house in one direction, and the other started in the other direction. The chief of police testified that as he came around the house, he saw the defendant with a pint bottle in one hand and a half-pint bottle in the other near the back porch pouring a liquid out of a bottle. He seized the bottles and saved about half of the liquid

which was sent to the State Laboratory for a test. The State Chemist testified that he made an analysis of the liquid and that it was a liquor that is commonly known as "choc beer," and that at the time the analysis was made, about four months after the liquid had been seized, that it contained approximately 35% alcohol by weight. Neither of the officers saw any liquor in defendant's possession until they saw him pouring out the liquid in the back yard. The defendant testified that he had purchased the liquor and left it setting in the kitchen. When the officers stopped, he ran into the kitchen, grabbed the liquor, stepped onto the back porch, and commenced pouring it onto the ground. According to his testimony, he was standing on the porch pouring out the liquor when the officers arrived.

Under the above facts, was there an unlawful transportation contrary to our statute. We do not think so. The statute under which this prosecution was instituted, 37 O. S. 1941 § 1, provides: "It shall be unlawful * * * to ship, or in any way convey, such liquor from one place within this state to another place therein * * *." In Proctor v. State, 8 Okla. Cr. 537, 129 P. 77, we held that as one of the essential ingredients of the offense of the unlawful transportation of intoxicating liquor there must be a conveyance to a place beyond the premises of the defendant.

In the case of Wilder v. State, 34 Okla. Cr. 291, 246 P. 660, 661, it is stated:

"The gist of the offense charged is the conveyance from one place to another 'place.' The word 'place' has a variable meaning. As used in the statute it means region or locality."

In DeGraff v. State, 2 Okla. Cr. 519, 103 P. 538, it is held that the removal of intoxicating liquor from one room

in the house to another room in the same house is not an offense within the meaning of the law. See, also, Davis v. State, 38 Okla. Cr. 39, 259 P. 172; Glass v. State, 36 Okla. Cr. 279, 253 P. 1037; Gore v. State, 50 Okla. Cr. 84, 296 P. 522; Nowlin v. State, 43 Okla. Cr. 305, 278 P. 398.

In the case of Glass v. State, supra, the facts were more nearly like the facts in the instant case than that of any other case which we have found. There the defendant saw some officers coming, dismounted from his horse in the rear of his house, entered the back door, came out with a bottle of liquor and broke it on the wheel of a car parked about eight feet from the door. The conviction was reversed because of the insufficiency of the evidence to show an unlawful transportation within the meaning of the statute.

The above cases illustrate the distinction which may be drawn between those cases and the many other cases in which we hold that the distance liquor is conveyed over a state or public highway is immaterial, if the moving of the intoxicating liquor is for an illegal purpose.

Every case must be decided upon its own particular facts. Here the quantity and quality of liquor weakened the state's case. There was an insufficient quantity to make a prima facie case of unlawful possession, and, measured by the authorities above cited, the evidence of the state was insufficient to show an unlawful transportation. The cause is reversed and remanded with instructions to discharge the defendant.

BAREFOOT, J., concurs. DOYLE, J., not participating.