FRANK KLEIN v. STATE.

No. A-4338. Opinion Filed Feb. 18, 1924.

(223 Pac. 201.)

(Syllabus.)

1.  Trial—Failure to Instruct on Circumstantial Evidence Held Error. Where, in a criminal case, circumstantial evidence solely is relied on for a conviction, it is error for the trial court to fail and refuse to instruct on the law applicable thereto when the defendant requests it.

2.    **Intoxicating Liquors—Evidence not Sustaining Conviction for Transportation of Liquor.** In a prosecution for transporting intoxicating liquor, evidence held insufficient to support a verdict of guilty.

Appeal from County Court, Custer County; E. J. Lindley, Judge.

Frank Klein was convicted of conveying intoxicating liquor, and he appeals. Reversed.

E. L. Mitchell, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that Frank Klein in Custer county, November 13, 1921, did unlawfully and willfully convey and transport about one-half pint of corn whisky from a place unknown to another place described in Custer county. The jury returned a verdict finding him guilty, and assessed his punishment at a fine of $50 and a jail term of 30 days. The reverse the judgment rendered on the verdict he appeals.

The evidence shows that on the date alleged Frank Young, a deputy sheriff, and Claude Woodring were driving from Butler to Clinton, and saw defendant standing by his car, which was stopped by the side of the road. They got out of their car. Defendant appeared to be somewhat intoxicated, and examined his car, and found it to be out of gasoline. Young then searched defendant to see if he had anything on him, and then searched the car, and found one-half pint bottle full of corn whisky under a carpet in the car.

When the state rested, defendant demurred to the evidence, and moved the court to advise the jury to return a verdict of acquittal, which the court refused to do.

The defendant testified that he was having some trouble with his car, the clutch slipping, and he was out of gasoline; that he kept his car at the Liberty Garage, in the town of Butler, that he did not put any liquor in the car, and did not know that the half pint bottle of whisky found by the officers was in the car.

The refusal of the trial court to direct a verdict of acquittal is assigned as error, and error is assigned on the admission of alleged incompetent evidence on the trial.

It appears from the record that the testimony of the officers and the whisky in question were admitted in evidence against the defendant's objections, on the ground that the officers exceeded their authority when they searched the defendant and his automobile without a search warrant. The first of these contentions is based on the theory that the evidence relied on to establish the defendant's guilt, even if its competency be admitted, wholly fails to do so.

It is a well-settled rule in this jurisdiction that a conviction for violating a criminal law of the state may be had upon circumstantial evidence alone, when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence. The defendant presented an instruction on the law of circumstantial evidence, and requested the court to give the same to the jury; this request was refused, and the court refused to charge on the law of circumstantial evidence.

It is a recognized rule in this jurisdiction that, where the testimony in a criminal case is entirely circumstantial, it is the duty of the court to instruct upon the nature of circumstantial evidence. Such evidence should be expressly defined, and the rules governing its effect concisely stated. The instruction asked for, or one covering the law of circumstantial evidence, should have been given. Under the evidence in

this case it was error for the trial court to fail and refuse to instruct on the law applicable thereto, when the defendant requested it.

This court has held that, where the possession of an unlawful thing is open and obvious, so that any one within reasonable distance can readily see it, no search warrant is necessary, and the evidence thus obtained may be received upon the trial of the accused. However, a search implies invasion and quest, and that implies some sort of force, actual or constructive, much or little. The right of the citizen to be secure in his person and possessions from such unlawful search and seizure is as secure as the Bill of Rights can make it (Const. art. 2, § 30), and this right should be respected by officers and courts. Under the holding of this court in the case of Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, the court erred in admitting the evidence over the defendant's objections.

For the reasons indicated, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.