ED SHERMAN v. STATE.

No. A-4497. Opinion Filed Oct. 2, 1924.

(228 Pac. 1110.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Conveyance—Evidence, Insufficient.** In a prosecution for unlawfully conveying intoxicating liquor, evidence held insufficient to sustain a verdict and judgment of conviction.

Appeal from County Court, Canadian County; W. N. Wallace, Judge.

Ed Sherman was convicted of unlawfully conveying intoxicating liquors, and he appeals.   Reversed.

E. J. Giddings, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, Ed Sherman, was convicted on an information charging that he did unlawfully transport intoxicating liquors from a place unknown "to a point located on lot 8, in block 11, Clark's addition to the city of El Reno," and his punishment fixed at confinement in the county jail for six months and a fine of $250.   He has appealed from the judgment rendered upon such conviction.

Of the various errors assigned, it is only necessary to notice the one, that the verdict is contrary to the law and the evidence.

F. V. Pierce testified that with Officer Loomis he got out of their car in front of lot 8, block 11, and the defendant came to the door, then turned back in the house and grabbed a bottle and ran out around the house, then started to run back and broke the bottle on a cement sack; that corn whisky was in the bottle; that he did not know where the defendant got it or from what point it was taken; that defendant said it was vinegar that he was using to clean the furniture in the house; that they arrested the defendant and took him to the police station; that defendant owned the house and had others painting, papering, and repairing it at the time.

F. A. Loomis testified:

"All I saw was the defendant with a bottle in his hands, and he broke it; saying that 'it was a bottle of vinegar that he had to clean the furniture there with.' "

On the part of the defense, Joe Vaughn testified that he was at the defendant's house, painting and papering, when the officers came there; that he had a quart of vinegar and used it to take the lime off the woodwork, and to keep the paint from crawling; that about an hour before the officers appeared he threw the bottle out in the back yard; that he did not see any intoxicating liquors on the premises.

Robert Powell testified that he had been engaged as a painter and paper hanger for 30 years, and that painters use vinegar for cleaning the calcium off the woodwork and in making stencil in imitation of oak.

Mr. Simmons testified that he was plastering the defendant's house; that vinegar in a quart bottle was used to take the lime off of the casings; that he did not see any intoxicating liquors around there at any time.

This prosecution was under that subdivision of the Prohibition Enforcement Act, sec. 7002 (Comp. Stat. 1921), which provides that it shall be unlawful for any person "to ship or in any way convey such liquor from one place within this state to another place therein except the conveyance of a lawful purchase as herein authorized."

Under the statute it is an essential ingredient of the offense charged that there must be a conveyance of intoxicating liquors from a place beyond to the premises of the defendant. Proctor v. State, 8 Okla. Cr. 537, 129 Pac. 77.

The evidence for the state wholly fails to prove any such conveyance. It follows that the evidence is not sufficient to warrant the conviction of the defendant, and that the verdict was contrary to law and the evidence.

The judgment of the lower court is accordingly reversed.

MATSON, P. J., and BESSEY, J., concur.