BERT CROSSMAN v. STATE.

No. A-4548.    Opinion Filed Nov. 15, 1924.
(230 Pac. 291.)

(Syllabus.)

1.    **Constitutional Provision as to Unreasonable Searches and Seizures.** The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated, and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched, and the person or thing to be seized. Section 30, Bill of Rights.

2.    **Searches and Seizures—Search of Person Without Warrant on Mere Suspicion.** An officer has no more right to search the person of one suspected of the commission of a misdemeanor without a search warrant than he has to search his home.

3.    **Arrest—Right to Arrest on Suspicion for Commission of Felony.** A peace officer may arrest one on a well-founded suspicion for the commission of a felony, where a felony has in fact been committed, and the officer has reasonable grounds to believe that the person arrested was the perpetrator.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

Bert Crossman was convicted of illegal transportation, and he appeals. Reversed and remanded.

C. R. Reeves, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J.   Bert Crossman, on November 23, 1922, in the county court of Comanche county, was by a jury found guilty of the illegal transportation of a bottle of whisky, with his punishment fixed at confinement in the county jail for a period of 30 days and to pay a fine of $100. From the judgment on the verdict, he appeals.

This conviction rests upon evidence obtained by means of a search and seizure made by a police officer without a war-

rant. The state contends that the arrest and seizure was accomplished while the accused was violating the law, by transporting this whisky, in the presence of the officer. The defendant claims that he was not, at the time of his arrest, violating the law within the meaning of section 2471, Comp. Stat. 1921, providing that a peace officer may, without a warrant, arrest a person for a public offense committed or attempted in his presence.

The evidence relative to the arrest and seizure was as follows:

"Q. State then just what occurred. A. I walked up to him just as he stepped out of the car and told him to come to me. He kind of stepped back from me; he seen me. I don't know whether he seen me when he drove up or when I first walked up to him. He kind of stepped back and stooped down as if to hide; maybe I might see the imprint of the bottle. He kind of looked in his car and kind of stooped over. I told him to come over to me and I seen the outline of the bottle in his shirt, and I opened his shirt and taken the whisky."

This evidence and the bottle seized constituted all the evidence against the defendant.

Section 30 of the Bill of Rights is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched, and the person or thing to be seized."

It seems clear that the defendant was arrested on suspicion merely; that the officer saw the imprint of a bulky article inside of the defendant's shirt, but did not know what the article was until he had forcibly searched the man and seized the package which he afterwards ascertained to be whisky.

An officer has no more right to search the person of one suspected of the commission of a misdemeanor without a search warrant than he has to search his house. The constitutional protection applies to both the person and his home. Klein v. State, 26 Okla. Cr. 173, 223 Pac. 201; Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545.

In this case the officer's suspicion was verified by the subsequent arrest and seizure, but that result would not always follow in other cases. The grave effects of promiscuous arrests and seizures on suspicion in misdemeanor cases would be productive of more evil that could be offset by the good flowing from the occasional apprehension of a law violator by such methods. If this were permitted, innocent persons would be subject to arbitrary arrest, search and seizure at any time and place; a condition not calculated to enhance the general welfare of the community.

In this connection it should be remembered that a peace officer may arrest one on a well-founded suspicion for the commission of a felony, where a felony has in fact been committed, and the person has reasonable grounds to believe that the person arrested was the perpetrator. Officers should not lose sight of this distinction between the right to make arrests in felony and misdemeanor cases without a warrant. Section 2471, Comp. Stat. 1921.

The judgment of the trial court is reversed, and the cause remanded. Unless other evidence can be procured the cause should be dismissed.

MATSON, P. J., and DOYLE, J., concur.