### JOHN MARTIN v. STATE.

No. A-4787.    Opinion Filed Feb. 4, 1925.
(232 Pac. 966.)

(Syllabus.)

1. **Intoxicating Liquors—Unlawful Transportation—Evidence Insufficient.** In a prosecution for unlawfully conveying intoxicating liquor, evidence considered, and held insufficient to sustain a conviction.

2. **Evidence—Attack on Character of Accused Only After He Introduces Evidence of Good Character.** The state cannot attack the character of a defendant unless he first puts that in issue by introducing evidence of his good character.

3. **Same—Issue in Trial Whether Accused Committed Crime Charged, not Reputation.** In the trial of a criminal case the issue is singular and is based upon the question, "Did the defendant commit the crime charged?" and not upon the question, "Has the defendant the reputation of having committed the crime charged, or some similar crime?"

4. **Trial—Waiver of Rights by Failure to Object to Incompetent Evidence.** While the defendant in a criminal prosecution has the right to insist that only competent evidence shall be introduced against him, he may waive the right, and he does waive it by failing to introduce proper and timely objections.

Appeal from District Court, Ottawa County; J. J. Smith, Judge.

John Martin was convicted of unlawfully transport-

ing intoxicating liquor, second offense, and he appeals. Reversed.

A. W. Turner, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of the district court of Ottawa county, rendered on the verdict of a jury finding the defendant, John Martin, guilty of transporting whisky, second offense, and fixing his punishment at imprisonment in the penitentiary for a term of two years and a fine of $100.

The assignments of error relate to rulings of the court in the admission of evidence and the sufficiency of the evidence, taken as a whole, to sustain the verdict.

Sam L. Braeselton testified that he was in the government service as an enforcement officer and was standing on the street when deputy sheriff Jennings came dragging and pulling the defendant along, holding both his hands, and asked him to take the bottle of whisky out of Martin's pocket; that he took a half pint bottle of whisky from the defendant's person.

U. S. Jennings, deputy sheriff, testified that as he was passing the Woodland Drug Store in Picher, the defendant came out on the porch and he grabbed hold of him and went to search him; that the defendant tried to put his hand in his pocket and he prevented him and asked Mr. Braeselton to take the bottle off of him.

As a witness in his own behalf the defendant, John Martin, testified that as he was coming out of the door of the Woodland Drug Store, Mr. Jennings arrested him and dragged him down to the corner where an officer took a half pint of whisky out of his pocket; that a man in the drug store gave him the bottle to sample it.

In rebuttal, Jennings, deputy sheriff, was recalled and against the defendant's objections he further testified as follows:

"Q. How long have you known Mr. Martin? A. Well, I guess about four years, or maybe a little longer.

"Q. Mr. Jennings, I will ask you if you are acquainted with the general reputation of Mr. Martin, as to whether it is good or bad as to being a bootlegger or not? A. Yes, sir.

"Q. What is that reputation? A. Well, he is known as a bootlegger. I have arrested him several times."

After a careful examination of the record, the conclusion of the court.is that the judgment in this case cannot be permitted to stand. It has been repeatedly decided by this court that the fact that an offense has been committed cannot be proven by common rumor or general repute.

It is a fundamental principle of criminal law that the character of a defendant cannot be impeached or attacked by the state unless he puts his character in issue by introducing evidence of good character. Says Bishop:

"Bad character is never admissible in evidence against a defendant as ground for presuming guilt. This doctrine is absolute; thus, the evidence of stealing a horse cannot be reinforced by showing that the defendant is an associate of horse thieves." 1 Bishop's New Cr. Proc. par. 1112.

If the defendant elects to testify in his own behalf, he occupies a double position. As a defendant, his character cannot be attacked by the state; as a witness, it can be. The law is that a defendant taking the stand as a witness may, as a witness, be impeached precisely like any other witness. Kirby v. State, 25 Okla. Cr. 330, 220 P. 74, 33 A. L. R. 1212; Morris v. State, 26 Okla.

Cr. 399, 224 P. 377; Munson v. State, 23 Okla. Cr. 64, 212 P. 438; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307.

The proof of previous arrests of the defendant was also incompetent. Where a defendant is on trial for a specific offense, evidence of unrelated offenses is not admissible, unless relevant to the issue and tending to show motive or interest; and an unlawful intent is not an ingredient of the offense of unlawfully conveying intoxicating liquors. Proctor v. State, 8 Okla. Cr. 537, 129 P. 77.

Excepting the proof of former conviction, all the evidence introduced by the state was incompetent.

The officers did not have a warrant for the defendant and the evidence was obtained by means of an unlawful search of the person of the defendant, and the taking from his person the bottle was an unreasonable search and seizure made in violation of his constitutional rights. However, no objection was made to the admission of this incompetent evidence. If counsel for the defendant had interposed proper objections, it is fair to presume that they would have been sustained by the court. While the defendant had the right to insist that only competent evidence should be introduced against him, yet he may waive the right, and does waive it by a failure to interpose proper objections.

The allegation of conveyance is from some place unknown to a place near the front door of the Woodland Drug Store, in the city of Picher. The defendant testified that he got the whisky in the drug store.

The offense, as defined by the statute, is "to ship or in any way convey such liquor from one place within this state to another place therein." Comp. Stats. 1921, § 7002. Under the statute, a conveyance from place to

place must be shown. The evidence in this case is clearly insufficient to show such a conveyance.

For the errors pointed out, the judgment of the district court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.