CROMWELL COMBEST et al. v. STATE.

No. A-5107.   Opinion Filed Oct. 17, 1925.
(239 Pac. 936.)

Wright & Gill, for plaintiffs in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiffs in error were tried and convicted on an information charging that in Oklahoma county, August 13, 1923, Cromwell Combest and W. H. Combest "did then and there unlawfully transport intoxicating liquor, to wit, whisky, from a point to your informant unknown in said county and state to a point commonly known and designated as 423 West Reno street in Oklahoma City, said county and state."

In accordance with the verdicts of the jury they were each sentenced to pay a fine of $500 and to be confined in the county jail for 6 months.   To reverse the judgments they appeal, and assign as error the insufficiency of the evidence to support the verdicts, and that the court erred in the admission of evidence obtained by an illegal search and seizure.

Tom Cavnar, sheriff, testified that he was in the dwelling located at 423 West Reno street, and saw the defendants drive their car from the rear end of the premises to the rear of the house, a distance of probably 50 feet; that he did not remember which one was driving; and he walked up to the car and found it contained two 5-gallon bottles covered by an old top or probably a canvas; that one got out on one side and one on the other, and he told them to get back in the car, that he was going to take them to jail; that when he arrived at the jail he found that the bottles contained whisky; that it was placed in the vault, and in checking it up he found that it had been poured out the day they poured out other whisky.

Jake Higgibotham testified that he went to the rear of 423 West Reno and found the sheriff had both of the defendants under arrest.

Prior to the commencement of the trial the defendants filed a motion to suppress the introduction of any evidence of the whisky so seized on the ground that the same was obtained by an illegal search and seizure.

At the close of the state's evidence the defendants moved to exclude the evidence with reference to the search and seizure on the same ground, which motion was overruled. The defendants and each of them moved for a directed verdict of acquittal in the form of a demurrer to the evidence, which demurrer and motion were overruled.

It is urged by counsel for defendant that a conviction was not authorized, because the state's evidence was obtained unlawfully without a search warrant and in violation of the defendant's constitutional and statutory rights, and the further ground that there was no evidence tending to show that the whisky found in the defendants' car was transported from a place other than the place on the same premises where the defendants were arrested.

This prosecution was under the subdivision of the prohibitory enforcement act (Section 7002, C. S. 1921), which provides that it shall be unlawful for any person "to ship or in any way convey such liquor from one place within this state to another place therein except the conveyance of a lawful purchase as herein authorized."

Under the statute it is an essential ingredient of the offense charged that there must be a conveyance of intoxicating liquor from a place beyond to the premises of the defendant. Proctor v. State, 8 Okla. Cr. 537, 129 P. 77; Sherman v. State, 28 Okla. Cr. 117, 228 P. 1110.

In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, it is said:

"The offense charged against the defendant is punishable only by a fine and imprisonment in the county jail, and therefore is not a felony under our statute. Section 1503. Consequently the officers could not lawfully arrest him therefor without a warrant, unless the offense was committed or attempted in their presence.

"It cannot be said that the criminal offense is committed in the presence of an officer, unless the acts constituting the offense become known to him at the time they are committed, through his sense of sight or through other senses; although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute, if the officer does not know it. And where the officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize an arrest without a warrant."

This court has held that, where the possession of an unlawful thing is open and obvious, so that any one within reasonable distance can readily see it, no warrant is necessary, and the evidence thus obtained may be received upon the trial of the accused. However, a search implies invasion and quest, and that implies some sort of force, actual or constructive, much or little. The right of the citizen to be secure in his person and possessions from such unlawful search and seizure is as secure as the Bill of Rights can make it (Const. art. 2, § 30), and this right should be respected by officers and courts. Under the holding of this court in the case of [Klein v. State, 26 Okla. Cr. 173, 223 P. 201, the court erred in admitting the evidence over defendants' objections.

For the reasons indicated, the judgments appealed from herein are reversed.

BESSEY, P. J., and EDWARDS, J., concur.