## J. K. HENTHORNE v. STATE.

No. A-5783. Opinion Filed Oct. 9, 1926.
(249 Pac. 429.)

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of illegally transporting whisky, and sentenced to pay a fine of $300, and to be confined in the county jail for a term of 90 days.

The information charges that defendant transported whisky from a house, No. 2314 West Grand, to a point about 50 yards north of said house. Upon the trial it developed that the house number was an error, and the court permitted an amendment to conform to the proof that the house was in fact 2317 West Grand. The evidence is that certain officers, in the nighttime, went to the place which was occupied by some persons other than defendant. Defendant had a truck in the street not far from the house, and one of the officers testified:

"Q. Where was he when you first saw him? A. When I first saw him he was between his car and the house, coming from the house to his car.

"Q. Was he walking along? A. Not walking very fast.

"Q. What did you do? A. I asked him what he was doing, and he throwed out a half pint out of his pocket, and then I went through him.

"Q. What did you find then? A. Two or three half pints on his person. * * *

"Q. About how far from the house, 2317 West Grand avenue, was the defendant when you took the whisky off of him? It is alleged in the information that it was about 50 yards north of the house. A. It was right at that, but I wouldn't say it was exactly there, but I think that is about right.

"Q. Had he got out of the yard, out on the road? A. Yes, sir."

On cross-examination he testified:

"Q. How far from the house was he when you first saw him? A. About 50 feet when I first saw him.

"Q. How many steps did he take before you stopped him? A. It would be a pretty hard proposition to say how many steps a man takes at night.

"Q. About how far had he traveled before you stopped him? A. I would judge about 50 feet, probably farther.

"Q. He hadn't got to his truck? A. No, but he was getting right close to his truck. * * *"

There was evidence from other of the officers indicating that the distance might have been less than that testified to by the witness whose evidence is quoted.

The defendant testified:

"* * * Q. Do you recall the time you were arrested in this case? A. I kind of remember.

"Q. Did you come out of that house that day? A. I think I did.

"Q. Where were you arrested? A. I think I was arrested right between the house and the road.

"Q. Why is it you do not distinctly remember the transaction on that occasion? A. I was slightly intoxicated.

"Q. Do you recall at this time whether you had any liquor on you at that time? A. Not that I know of.

"Q. If you got any, you must have got it out of that house. A. Yes, sir."

It is contended that the court erred in permitting an amendment of the information. This contention cannot be sustained. No other or different offense than that charged in the information was proven, but a mere wrong house description shown. Under our liberal law it was proper to permit an amendment to correct the description of the house. No prejudice to the defendant could have resulted. Section 2512, Comp. Stat. 1921; Howard v. State, 2 Okla. Cr. 200, 101 P. 131; Davis v. State, 4 Okla. Cr. 508, 113 P. 220.

It is next urged that there is no proof of a conveyance from one place to another, but that the conveyance was not completed when defendant was intercepted; that is, that the house and premises constitute but one place, and the conveyance had not proceeded from one place to another place, citing De Graff v. State, 2 Okla. Cr. 519, 103 P. 538; Brown v. State, 18 Okla. Cr. 509, 196 P. 967; Boswell v. State, 26 Okla. Cr. 193, 223 P. 208; Sherman v. State, 28 Okla. Cr. 117, 228 P. 1110; Martin v. State, 29 Okla. Cr. 136, 232 P. 966; Combest v. State, 32 Okla. Cr. 47, 239 P. 936.

In order to constitute the offense, it is necessary, under the provisions of section 7002, Comp. Stat. 1921, that the conveyance shall be from one place to another place. Without reviewing in detail the cases cited, none of them go to the extent of holding that a stranger upon the premises of another who procures whisky at such place and conveys it to the street abutting has not made a sufficient conveyance to bring himself within the statute. The word "place" has a very wide range of meaning, depending upon the connection in which the word is

used. 6 Words and Phrases, p. 5383. The purpose of the prohibitory statute is to prevent the making, selling, possessing, handling, or in any manner dealing with intoxicating liquor, and the phraseology and terms of the statute are to be construed with this purpose in mind, and not in a restricted sense. The conveying of the whisky as charged from the building upon the lot described to the street upon which it abuts is a conveyance from one place to another place within the meaning of section 7002, supra.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.