### DENNIS HILL v. STATE.

No. A-5940. Opinion Filed Nov. 12, 1927.

(260 Pac. 1071.)

McCollum & McCollum, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that on August 24, 1925, Dennis Hill did unlawfully transport one pint of whisky from some point unknown to another point on the public highway, about half a mile north of

the city of Pawnee, he was tried and convicted, the jury leaving the punishment to be assessed by the court. Motion for new trial was duly filed and overruled. Whereupon the court pronounced judgment and sentenced him to pay a fine of $200 and to be confined in the county jail for 60 days. To reverse the judgment he appeals.

When the case was called for trial, counsel for defendant interposed the following objection:

"We want to object to any testimony in this case relative to the seizure and search of the defendant's automobile and the discovery of intoxicating liquor therein for the reason that it appears from the opening statement of the county attorney that the officers were acting without a search warrant and such testimony and evidence is inadmissible as in violation of defendant's rights as guaranteed to him under sections 21 and 30 of the Bill of Rights, and the statutes of the state of Oklahoma, sections 2878 to 2880, both inclusive."

The objection was overruled and exception allowed.

The evidence shows that on the date alleged the sheriff, his jailer, and the chief of police of the city of Pawnee went to the north road to intercept the defendant and met him driving an automobile.

The sheriff testified:

"I said to Dennis, 'Where is that whisky?' and he says, 'Boys, the man was not at home,' and I says, 'I want to look this car over,' and he said, 'All right, go ahead.'"

Roy Cook, jailer, testified:

"I jumped on the running board, and I says, 'Dennis, it is too bad if you have got any whisky, because we are going to search your car,' and he says, 'Well, I would have had the whisky but the man was not at home.' I was on the running board on the east side, and Richardson was standing on the west side, and Sheriff Jones said, 'Go on look over the car,' and Dennis says, 'All right,' that he didn't have any whisky, and Allen Jones says,

'Get out, Dennis, we want to look your car over good.' I found the whisky back of him, and I says, 'Here it is, boys,' and Richardson reached over and got the whisky, and handed it to Allen Jones."

On cross-examination he stated:

"I jumped on the running board to stop him and the car. I had possession of the car, and had a conversation with him before Jones got there; he never did tell me to search his car."

When the pint bottle of whisky was offered in evidence, defendant objected for the reason that the liquor was seized without a search warrant, in violation of his constitutional and statutory rights. The objection was overruled.

When the state rested, the defendant moved "to withdraw from the consideration of the jury all of the testimony in the case, for the reasons heretofore assigned," which was overruled.

The defendant then moved for a directed verdict in the form of a demurrer to the evidence on the ground that the same was obtained in violation of his constitutional and statutory rights, which was overruled.

In Klein v. State, 26 Okla. Cr. 173, 223 P. 201, it is said:

"This court has held that, where the possession of an unlawful thing is open and obvious, so that any one within reasonable distance can readily see it, no search warrant is necessary, and the evidence thus obtained may be received upon the trial of the accused. However, a search implies invasion and quest, and that implies some sort of force, actual or constructive, much or little. The right of the citizen to be secure in his person and possessions from such unlawful search and seizure is as secure as the Bill of Rights can make it (Const. art. 2, § 30), and this

right should be respected by officers and courts." Crossman v. State, 28 Okla. Cr. 198, 230 P. 291; Combest v. State, 32 Okla. Cr. 47, 239 P. 936; Thomas v. State, 32 Okla. Cr. 57, 240 P. 133.

It follows from what has been said that the court erred in overruling the objections interposed to the state's evidence and in overruling the demurrer to the same.

The judgment of the lower court is accordingly reversed.

EDWARDS and DAVENPORT, JJ., concur.