## TOBE SHAW v. STATE.

No. A-5939.   Opinion Filed Dec. 17, 1927.
(261 Pac. 977.)

McCollum & McCollum, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error was convicted on a charge of unlawfully transporting three pints of

whisky from a point unknown to a certain place in the town of Masham, in Pawnee county, and in accordance with the verdict of the jury was sentenced to pay a fine of $50, and to be confined in the county jail for 30 days. To reverse the judgment, he appeals.

The evidence shows that a deputy sheriff and the jailor of Pawnee county were in the town of Masham, and the defendant drove up in his car, a Ford coupe; that they searched the car, and found about three pints of whisky in the turtle-back of the car. They each testified that they told the defendant that they wanted to search his car, and he said, "All right," but that he did not give them the key to the turtle-back, so they forced it open. The bottles containing the whisky were introduced in evidence.

The evidence in the case was introduced against the defendant's objections on the ground that the search was made without a search warrant in violation of the constitutional rights of the defendant, and in violation of sections 2876 to 2880, both inclusive, C. S. 1921.

At the close of the state's evidence there was a motion to strike and a motion for a directed verdict on the same ground, both of which were overruled.

It is contended that the court committed reversible error in admitting the evidence of the officers relative to the search and seizure of the defendant's car, and in refusing to withdraw from the consideration of the jury all the testimony relative to the search and seizure, and in admitting, over the objections of the defendant, the state's exhibits; the same being certain bottles of liquor.

An examination of the record discloses that the objections were well taken. The questions presented were passed upon in the case of Hill v. State, 38 Okla. Cr. 317, 260 P. 1071, wherein it is held that:

"Where a conviction is based solely on evidence ob-

tained by an unreasonable search and seizure, admitted over timely objection and exception, the judgment will be reversed."

And further that:

"In a prosecution for transporting intoxicating liquor, evidence, obtained by search of defendant's automobile without a search warrant, held inadmissible, in view of Const. art. 2, § 30."

Upon the authority of that case, we hold that the court erred in overruling the defendant's objections to the introduction of the state's evidence and in overruling the demurrer to the same.

The judgment of the lower court is accordingly reversed.

EDWARDS and DAVENPORT, JJ., concur.