## IVAN J. SHERWOOD v. STATE.

No. A-6179.   Opinion Filed March 16, 1928.
(265 Pac. 148.)

A. V. Dinwiddie, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that on the 24th day of July, 1925, Ivan J. Sherwood did convey one pint of whisky from in front of the Thompson Cafe in the city of Cushing to the intersection of Harrison avenue and Broadway in said city, he was tried and convicted, and the jury failed to agree upon the punishment. Motion for new trial was duly filed and overruled, and he was sentenced to pay a fine of $350, and to imprisonment in the county jail for 60 days. To reverse the judgment, he appeals.

This conviction is based upon evidence obtained by peace officers in executing a search without a warrant of arrest or search warrant and appellant contends that the same was illegally secured. It appears from the record that the same was admitted over appellant's objections on this ground.

A. L. Bryan testified that he saw appellant get into his car and he started to go; that witness jumped on the car as he was taking his second gear, and he ran his hand down into appellant's bosom and grabbed a bottle of whisky, and told him that he was under arrest; that he did not have a search warrant.

It must be taken as settled in this state that no search

of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law. Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Crossman v. State, 28 Okla. Cr. 198, 230 P. 291; Russell v. State, 25 Okla. Cr. 423, 221 P. 113.

The search and seizure detailed in the record was an invasion of the constitutional rights of appellant.

On the authority of the cases cited, the judgment in this case is reversed, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.