DOCK RUSS v. STATE.

No. A-6458. Opinion Filed May 4, 1929.
(277 Pac. 250.)

124

Ralph Rawlings, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of transporting intoxicating liquor and was sentenced to pay a fine of $50 and to be confined in the county jail of Murray county for 30 days.   Motion for new trial was filed and overruled, and the case appealed to this court.

Briefly, the testimony on the part of the state is that the officers met the defendant on the street in the city of Sulphur, Murray county, Oklahoma, and they each stated they suspected the defendant had whisky; they stopped their car, got out, and without any warrant for the arrest of the defendant, or to search the defendant's person, they searched him and claim to have found a pint of whisky on his person.   The state's witnesses all admit they did not see the whisky, and that the defendant was peacefully walking along the street without disturbing any one.

The defendant objected to the introduction of the testimony of the state on the ground that it was procured without a warrant for the arrest of the defendant, or a warrant to search his person; which objection was by the court overruled, and defendant duly excepted.

We do not deem it necessary to further discuss the question raised by the defendant that the court erred in permitting the testimony procured as it was, to be introduced, and the overruling of defendant's motion for a new trial.   We hold that the defendant's objection was well taken and the testimony procured by the officers was unlawfully admitted.

This question has been before this court often.   In the case of Crossman v. State, 28 Okla. Cr. 198, 230 Pac. 291, this court said:

"An officer has no more right to search the person of one suspected of the commission of a misdemeanor without a search warrant than he has to search his home."

In Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631, in the sixth paragraph of the syllabus, the court said:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

In view of the facts contained in this record and the decisions of this court upon the question involved, the objection of the defendant to the introduction of the testimony was well taken, and the defendant's conviction, having no sufficient evidence to support it without the use of evidence which has been unlawfully obtained, should be reversed.

The judgment is reversed, with directions to discharge the defendant.

EDWARDS, P. J., and CHAPPELL, J., concur.