MORRIS PACK et al. v. STATE.

No. A-6474. Opinion Filed July 13, 1929.
(279 Pac. 698.)

Ben. F. Williams and Crawford Cameron, for plaintiffs in error.

Edwin Dabney, Asst. Atty., for the State.

DAVENPORT, J. The plaintiffs in error, who will hereinafter be referred to as the defendants, were con-

victed of the crime of conveying intoxicating liquor from a point unknown to affiant, to a point on East Main street, in the city of Norman, and each sentenced to pay a fine of $100 and be imprisoned in the county jail for 60 days. The defendants have perfected their record, and appealed to this court.

The defendants filed their motion to suppress the evidence of the state on the ground that said defendants were arrested and searched without a search warrant by Bill Greenway, in violation of their constitutional and legal rights, which motion was by the court heard, considered, and overruled, and defendants duly excepted. Defendants then filed a demurrer to the information, which demurrer was heard and overruled by the court, and defendants duly excepted.

The state called Harvey Cobb, who testified in substance that he lived in Cleveland county. He knew Morris Pack and Barney Smolin. The defendants came to his place of business some time between 6 and 7 o'clock in the evening. "I don't know how they came there; they had their car in my garage when I returned, it was a Chrysler roadster No. 70 model; I did not talk to either of them; Bill Greenway was there that evening; about the only thing I remember was Mr. Pack said not to open the car; I went to get a key to open the back end and could not find it; Mr. Pack asked Smolin if he had a key and Mr. Smolin said he did not." On cross-examination witness stated that the defendants had been to his garage once or twice before. "Their car was standing in the doorway of the garage when I saw it; when Mr. Smolin went back to the car we heard some kind of a noise like something had been thrown and Mr. Greenway caught hold of Mr. Pack's arm and took him back with him;

he had a six shooter out and told Mr. Smolin to put the grip back in the car, and defendant said he did not have anything; Greenway then said, 'You go get that grip and put it back in the car' and defendant refused the second time, and Greenway then said, 'Get it,' and got his six shooter and says, 'Get it or I will shoot your legs from under you'; the defendant objected to putting the grip back in the car; I do not know what was in the grip; the defendant put the grip back in the turtle of the car; Greenway took Morris Pack and the car away with him."

William Greenway testified he was an officer; that he knew Barney Smolin and Morris Pack; that he did not know them until June 24, 1926, when he arrested them in front of the Norman Hotel on East Main street, in Norman, Oklahoma.

"I went out and said I wanted to look into the car, and he said, 'Are you an officer?' and he said he didn't have any key, and I said, 'We will go down to the Cobb garage and get one,' and we drove down to the Cobb Motor Company; we waited about ten or fifteen minutes and could not find a key; Mr. Pack said I could go to the city with him and get another key and I said I didn't have time to go to the city; he then said I could not look into the car; just about that time another gentleman came up; he opened the rear end of the car and got out a suit case and threw it there in the garage; Greenway then took hold of Mr. Pack and said, 'Let's go back there,' and said, 'You put that suit case back where you got it,' and Smolin said he did not have to, and I said, 'The best thing you can do is to put it back,' and he refused to do it the third time; Pack was telling him not to put it in there, it was not his, and he said he would not put it back; I then took my gun out like this, and said, 'You had better put it back in there or I will shoot your legs out from under you'; he said, 'If you feel like

that about it, I will have to put it back'; I then took Mr. Pack and drove away down to the county jail; I opened up the grip and found three quarts of whisky in it; I had not examined the grip before that time; I had no warrant for the arrest of either of the defendants when I arrested them in front of the Norman Hotel; I did not see them commit any offense, but I thought they had whisky in the car, and I drove down to the garage to get a key to open the car, and, when Mr. Smolin took the suit case out of the turtle of the car, I did not know what it contained, and did not know until after I had placed them under arrest and had driven the car down to the county jail."

This is in substance all the testimony we deem necessary to set out for the purpose of deciding this case.

The defendants moved the court to strike the testimony of the witness Greenway, on the ground that there was no foundation laid for its introduction, and for the further reason that he had no warrant for the arrest of the defendants, or either of them, or a search warrant to search the defendants' car, which motion was overruled and defendants duly excepted. The defendants then demurred to the evidence on the ground that the proof offered by the state is wholly insufficient to warrant or sustain a conviction in this case, which demurrer was overruled, and defendants duly excepted. The defendants then offered the testimony of the county clerk to show that the appointment of Greenway as deputy sheriff had not been approved by the county commissioners, and therefore he could not be a deputy sheriff.

The defendants assign several errors committed in the trial of the case upon which they rely for a reversal. The only errors we deem necessary to consider are assignments 10 and 11; No. 10 being:

"Error of the court in admitting, over the objection of the defendants, testimony of the witness Bill Green-

way for the reason that the said Bill Greenway arrested the said defendants and seized the grip and contents thereof without a search warrant."

"No. 11. Error of the court in overruling the defendants' motion for a new trial."

These two assignments may be considered together, as they relate to the same question. It is denied by the defendants that Greenway had been legally appointed deputy sheriff, but, for the sake of this opinion, we think it is immaterial whether he was a legally appointed deputy sheriff or not. Greenway himself admits that, when he placed the defendant Morris Pack under arrest in front of the Norman Hotel, he did not have a warrant for the arrest of defendant, or either of them, nor did he have a search warrant to search their person or the car, but he took Morris Pack into custody, and, when advised by Pack that he did not have a key to unlock the turtle of the car, he drove some distance in the car with him to the Cobb Motor Company, where he attempted to borrow a key. In the garage the other defendant went into the back of the car and took out a grip, and, when discovered, the said witness Greenway demanded of him to put the grip back, and defendant Smolin refused to put the suit case in the car; Greenway again told him to put it back, and he again refused, and witness Greenway says he then took out his pistol and said, "You had better put it back in there or I will shoot your legs out from under you," and he said, "If you feel like that I will have to put it back." The record further shows that without further search or investigation witness Greenway got into the car and took Morris Pack and drove to the county jail, and, after he got down to the jail, he examined the grip, and claims to have found whisky in the grip.

The defendants urge that the evidence in this case was inadmissible, for the reason that it was unlawfully obtained by the witness Greenway placing them under arrest and searching the car without a search warrant or without a warrant for their arrest. This court has no desire to criticize an officer when in the proper discharge of his duty, but we feel constrained to suggest that it is most unusual, if the testimony is to be believed, that an officer in the discharge of his duty would without authority of law approach parties on the street, who were not committing an offense or disturbing the peace and demand of them that he wanted to search their car. If officers of the law are permitted when they are on the streets or public highways and see some one driving, or sitting in their car, to act on mere suspicion that they might have committed an offense, and demand of the occupants that they be permitted to search the car or place the parties under arrest, without any warrant to search the car or a warrant of arrest, then the guaranties of the Constitution amount to nothing. These defendants had a right to be upon the streets of Norman, and, as long as they were peaceable and not disturbing any one or committing any offense in the presence of the officer, the officer was without authority to place them under arrest.

In Klein v. State, 26 Okla. Cr. 173, 223 Pac. 201, in the third paragraph of the syllabus, the court said:

"In a prosecution for transportation of intoxicating liquor, evidence obtained by search of defendant's automobile without a search warrant held inadmissible, in view of Const., Art. 2, § 30."

In Taylor v. State, 36 Okla. Cr. 431, 255 Pac. 157, this court said:

"At the time charged in the information certain officers intercepted the defendants in an auotmobile upon the public highway and attempted to stop them. When they did not promptly stop, they fired into the car in which they were driving and then arrested defendants and searched the car and found in it a jug of whisky. They had no warrant for the arrest of defendants nor any search warrant, and the apprehension and search was based on suspicion only. This was in violation of the constitutional and statutory rights of defendants and was seasonably objected to. The conviction cannot be sustained."

The evidence in this case is challenged on the ground that it was unlawfully procured, and on the further ground that it was insufficient to sustain a conviction. We hold that the evidence in this case was obtained by Greenway by an unlawful search and seizure, and contrary to section 30, art. 2, Bill of Rights, and was improperly received in evidence in violation of the defendants' rights.

There are other errors assigned, but in the view we take of the record, it is not necessary to consider them. The defendants' motion to suppress and demurrer to the evidence should have been sustained. There being no competent evidence to sustain the judgment, the judgment appealed from herein is reversed, and the cause remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.