### IRVAN STEWART v. STATE OF FLORIDA

27 So. (2nd) 752
November 8, 1946
Rehearing denied November 26, 1946.

June Term, 1946
En Banc

*Martin & Martin,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

CHAPMAN, C. J.:

The appellant, Irvan Stewart, was indicted for the crime of murder in the first degree by a Polk County grand jury for the unlawful killing of Earnest Reynolds on the 29th day of March, 1945. He was arraigned, placed upon trial, and by a jury of Polk County convicted of murder in the second degree and by the trial court sentenced to imprisonment in the State Prison at hard labor for a period of twenty years. He has perfected an appeal here.

Counsel for appellant pose for adjudication several questions which arose during the progress of the trial in the court below. In his brief and in oral argument the contention is made that the evidence adduced is legally insufficient to sustain the verdict and judgment of the lower court. We have studied and carefully analyzed the testimony appearing in the transcript and have come to the conclusion that the jury settled all the disputes and conflicts and this Court is not justified in substituting its judgment on the evidence for that of the jury. We do not think it necessary to set out the testimony as given by the many witnesses offered by the State and the defendant.

We have studied the entire instructions or charges of the trial court upon the law of the case as given to the jury. It does appear that in considering the instructions as given in their entirety, they appear to be reasonably free from error, although it is here contended that certain requested charges refused by the trial court constitute reversible error. We cannot agree to this contention. Emphasis here is placed on the failure of the trial court to instruct the jury on the law of a bad reputation which the testimony discloses that the deceased Reynolds had for fighting, etc. The answer to this contention is that the record shows several requested charges by the appellant as refused by the trial court, but no requested charges on this point appear in the record as having been requested by counsel and refused by the trial court.

It is our conclusion that the record is free from error and the judgment of the lower court is hereby affirmed.

TERRELL, BUFORD, ADAMS, THOMAS, JJ., and BARNS, Circuit Judge, concur.

BROWN, J., dissents.