109 So.2d 379 (1959)
Ted WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 484.
District Court of Appeal of Florida. Second District.
January 23, 1959.
Rehearing Denied February 18, 1959.
*380 Sam E. Murrell & Sons, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., Edward S. Jaffry, Asst. Atty. Gen., for appellee.
SMITH, CULVER, Associate Judge.
Appellant was charged, in the Court below, with aiding and assisting, promoting and conducting a lottery for money, commonly known as Cuba. The jury found him to be guilty as charged, and he was then adjudged to be guilty and sentenced to serve two years in the State Prison. Appellant brings this appeal and urges six points as grounds for reversal.
Appellant's first point raises the question of admissibility in evidence of telephone conversations between appellant and various persons. The facts concerning this point, briefly stated, are these: A room was rented from appellant next to his juke joint. The rental was made on behalf of the Sheriff, but appellant was told that some colored people were to be put in. Appellant had no knowedge that law enforcement officers were in any way connected with the rental. Appellant's telephone in his building was on a party line, which was the only line maintained by the telephone company in that area. A telephone was installed in the rented premises by the telephone company, which was, by necessity, on the same party line as that of appellant. The evidence shows that the appellant was aware of this installation. Through the use of this party line telephone, a deputy sherff overheard and recorded the conversations, which appellant contends were erroneously admitted in evidence.
In his initial brief, appellant takes the position that the conversations in question were inadmissible, by reason of the provisions of Sec. 605 of the Federal Communications Act, 47 U.S.C.A. § 605, and of Sec. 822.10, Florida Statutes, F.S.A. It appears that the Supreme Court of the United States has held that the Federal Act in question does not apply to proceedings in State Courts. See Schwartz v. State of Texas, 344 U.S. 199, 73 S.Ct. 232, 97 L.Ed. 231. Since this is conceded by appellant in his reply brief, we have for consideration only the provisions of Sec. 822.10, Florida Statutes, F.S.A. This section, in its entirety reads as follows:
"Whoever, without the consent of the owner thereof, destroys, damages, or in any way injures any telegraph *381 or telephone poles, cables, wires, fixtures, or other apparatus, equipment, or appliances; or obstructs, impedes, or impairs the service of any telegraph or telephone line or lines, or the transmission of messages thereover; or attaches any unauthorized device or equipment to any telegraph or telephone line or instrument; or taps or connects, directly or indirectly, by wire or any other means whatsoever, to or with any telegraph or telephone line so as to hear, or be in position to hear, or to enable any other person to hear or be in position to hear, for any use or purpose whatsoever, any message going over said line, or for the purpose of receiving, or enabling any other person to receive any unauthorized service over said line, or uses, or attempts to use, in any manner or for any purpose, or communicates in any way, any information so obtained; or aids, agrees with, employs, or conspires with, any person to do or cause to be done any acts hereinbefore mentioned; shall be punished by fine not exceeding five hundred dollars or by imprisonment not exceeding six months."
Sec. 822.10 prohibits a number of acts, if they are done, "without the consent of the owner thereof" (referring to the owner of telegraph or telephone poles, cables, wires, fixtures, or other apparatus, equipment or appliances). In order to agree with the position taken by appellant, we would be required to hold that he was the owner of the party line servicing his neighborhood. It must be kept in mind that the telephone installation used by the witnesses, whose testimony is sought to be excluded, was made by the telephone company in the regular course of business. Certainly it cannot be argued that a subscriber to service on a party line is the owner of the line, and that any one else seeking like service must first secure his permission before being entitled to a telephone. In breaking the Statute down to specific points, we find that it provides punishment to "whoever, without the consent of the owner thereof * * * connects, directly or indirectly, by wire or any other means whatsoever, to or with any * * * telephone line so as to hear, or be in a position to hear, or to enable any other person to hear or be in a position to hear, for any use or purpose whatsoever * * *." If the appellant were the owner of the party line, as he contends, then the telephone company itself violated the law by installing another phone without his consent. In other words, a subscriber on a party line would be able to block any additional phone installations thereon by withholding his consent. We do not think any further discussion of this contention is necessary. Appellant was not the owner of the party line, and the quoted Statute has no application in the present case. Both appellant and appellee cite, in their briefs, the case of Perez v. State of Florida, Fla., 81 So.2d 201. This appears to be the only decision of the Florida Supreme Court bearing upon Sec. 822.10. The circumstances in the Perez case were different from those in the instant one, and it does not appear to be directly in point, other than to indicate, by our way of thinking, that Sec. 822.10 has no application here.
Appellant's second, fourth and fifth point attack the sufficiency and competency of the evidence to sustain a conviction. Having held that the evidence of telephone conversations was admissible, it appears that there is ample testimony in the record to support the jury's verdict and the judgment and sentence entered thereon. No useful purpose would be served by detailing such evidence here.
Appellant's third and sixth points concern the charge of the trial court. The third point states that the Court erred in giving a portion of its charge concerning the failure of the defendant to testify, while the sixth objects to the fact that no instruction was given on the law as to what constitutes a lottery for money. A careful study of the record reveals that appellant *382 made no objection to the charge of the Court, as given, nor did he request the giving of any instruction, or object to the failure to give an instruction. He cannot now raise any question on these matters, as he is precluded from doing so by Sec. 918.10(4), Florida Statutes, F.S.A. See also Stewart v. State, 158 Fla. 121, 27 So.2d 752, and Febre v. State, 158 Fla. 853, 30 So.2d 367.
No reversible error having been made to appear, the judgment appealed from is affirmed.
KANNER, C.J., and SHANNON, J., concur.