191 So.2d 84 (1966)
Clyde Franklin LEE, Glen Dulen Brecheen and Cecil St. Clair Merritt, Appellants,
v.
STATE of Florida, Appellee.
No. 36.
District Court of Appeal of Florida. Fourth District.
September 21, 1966.
Rehearing Denied November 10, 1966.
*85 Edward R. Kirkland, of Kirkland, Johnson, Smith & Ervin, and William A. Harmening, Orlando, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
FUSSELL, CARROLL W., Associate Judge.
Defendants appeal from their conviction for a violation of the lottery laws. Their principal contention is that the lower court committed an error in permitting taped recordings of a telephone conversation to be introduced into evidence at the trial. They maintain that these recordings were the result of wiretapping and are illegal and inadmissible in evidence.
The law on wiretapping in Florida was most thoroughly and clearly stated by Judge Carroll in Griffith v. State, Fla.App. 1959, 111 So.2d 282, which was later followed and re-affirmed in Barber v. State, Fla.App. 1965, 172 So.2d 857. Certiorari was denied by the Supreme Court in each of these two cases.
In the Griffith case, supra, the court observed that under the common law and general rule wiretapped evidence was admissible, and that, in order to change this rule, either a state or federal statute would be required or there must be a state or federal constitutional inhibition or the court must determine that wiretapping was in violation of the general principle of law.
In the Griffith case, supra, it was further determined that there were no state or federal statutes applicable in Florida which would make wiretapping illegal and inadmissible in evidence, but that wiretapping is illegal in Florida because it does violate Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A., which provides:
"§ 12. * * * No person shall be * * compelled in any criminal case to be a witness against himself * * *."
and also violated Section 22 of the Declaration of Rights of the Florida Constitution, which provides:
"§ 22. * * * The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated * * *."
The first case in Florida dealing with this subject was Perez v. State, Fla. 1955, 81 So.2d 201, decided by the Supreme Court of Florida. In this case an informant purchased a lottery ticket over the telephone while an officer listened over an extension phone. The court held that this was sufficient as a basis for the officer to make his application for a search warrant.
The next case was Williams v. State, Fla. App. 1959, 109 So.2d 379, decided by the Second District Court of Appeal. In this case the sheriff rented a party line and the deputy sheriff listened and recorded the conversations of the defendant thereon. The defendant had been told that the party line was being rented by a colored family, and the defendant did not know that the sheriff had rented the line. Recorded evidence of these conversations was held admissible.
The next case was the Griffith case, supra, decided by the First District Court of Appeal. In this case the officer rented a party line and then fixed it so that he could *86 attach a long line to it and walk around the room without standing by the telephone at all times. Under this arrangement there was no tapping sound which would give alarm to the defendant that his conversation was being listened to. This was held not to be an illegal wiretap, and the officer was permitted to testify.
The last case, Barber v. State, Fla.App. 1965, 172 So.2d 857, was also decided by the First District Court of Appeal. In this case a tape recording of a telephone conversation of the defendant with the prosecuting witness was admitted in evidence over the objection of the defendant that it was the result of wiretapping. The prosecuting witness had told the prosecuting officers of prior conversations with the defendant and consented to their making recordings of this conversation by means of wires attached by the deputy sheriff to the prosecuting witness' telephone receiver. The recording was made without the defendant's knowledge or consent. The court held that this was not the result of wiretapping and was admissible in evidence.
The facts in the instant case differ only from the above cases in that defendants contend that the telephone company itself knew of the plan of the enforcement officers and arranged and assisted them in the preliminary stages toward making the recordings. The facts in the instant case show that the defendants requested a private line telephone, but were informed by the telephone company that no private line was then available and that they could obtain service only through a party line. The police department then arranged with the telephone company to have a telephone installed on the same party line. An automatic actuator and a tape recorder were attached to the telephone on the party line and recordings were made over a period of some eight days of conversations of the defendants on their telephone on the same party line. The recordings of these conversations were admitted in evidence.
There appear to be no material distinguishing facts in the Williams, Griffith and Barber cases, above cited, from those in the instant case, and it is this court's opinion that these cases are controlling.
The appellants seek to obtain solace in the able dissenting opinion of Judge Rawls in the Barber case, supra. However, it is the duty of the courts to finally determine and to settle close legal questions, even though as often is the case, there are able conflicting views. The Florida courts have held, and rightly so in our opinion, that recordings of telephone conversations made with the consent of one of the parties to the conversation, either over a direct line or by extension, are legal and properly admissible in evidence. Also, that recordings made over a party line, where the conversant must or should know that his conversation can be heard over any of the other party lines, where there has been no direct tapping or invasion of the lines belonging exclusively to the defendant, then recordings made through the party lines are not illegal and are admissible in evidence.
Defendants in this case further object to the introduction in evidence of certain personal property items obtained as results of the search of a residence. It is the contention of the defendants that the search was not executed in accordance with the law. Appellee contends that this objection comes too late as there was no motion to suppress prior to the trial and that it cannot now be raised on appeal, citing in support thereof Robertson v. State, 1927, 94 Fla. 770, 114 So. 534, and Moffett v. State, Fla.App. 1965, 179 So.2d 408. It does not appear, however, that these cases were called to the attention of the lower court and certain articles of personal property were first admitted in evidence. However, the court later reversed this ruling and excluded these articles from evidence and instructed the jury to disregard them.
It is, therefore, our opinion that under these facts no harmful error has occurred, and the judgment appealed is affirmed.
SMITH, C.J., and WALDEN, J., concur.